IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DAVID DUVALL, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 3:19-cv-00624-FDW-DSC |
| NOVANT HEALTH, INC., | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Novant Health, Inc. ("Defendant"), by and through undersigned counsel, and timely submits this Answer to the Complaint of Plaintiff David Duvall ("Plaintiff").

## FIRST DEFENSE

In response to the particular allegations of Plaintiff's Complaint, Defendant responds as follows:

1. Upon information and belief, and relying solely upon Plaintiff's representations, Defendant admits that Plaintiff is a Caucasian male citizen and resident of Michigan.

2. Regarding the allegations contained in Paragraph 2 of the Complaint, Defendant admits that Novant Health, Inc. is a non-profit corporation and healthcare provider. Defendant further admits that Novant Health, Inc.'s principal office is in Forsyth County, that it has an office in Mecklenburg County, and that it had approximately 29,000 team members in or around July 2018. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE[1]

3. Regarding the allegations contained in Paragraph 3 of the Complaint, Defendant admits that Plaintiff asserts claims for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Employee Retirement Income Security Act of 1974 ("ERISA"), and North Carolina law. Defendant further admits that, subject to the defenses asserted in this Answer, this Court has subject matter jurisdiction over the claims in this action. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 contains legal conclusions to which no response is required.

5. Paragraph 5 contains legal conclusions to which no response is required.

6. Regarding the allegations contained in Paragraph 6 of the Complaint, Defendant admits that Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), designated as Charge No. 430-2019-00733 and admits that the content and timing of the charge speak for themselves. Defendant further admits that the EEOC issued a Dismissal and Notice of Rights dated September 19, 2019. The remaining allegations in Paragraph 6 of the Complaint contain legal conclusions to which no response is required. To the extent any response may be required, Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Regarding the allegations contained in Paragraph 7 of the Complaint, Defendant admits that Plaintiff asserts claims under North Carolina law. Defendant further admits that, subject to the defenses asserted in this Answer, this Court has subject matter jurisdiction over the claims in this action. The remaining allegations in Paragraph 7 of the Complaint contain legal

---

[1] Defendant uses the headings from Plaintiff's Complaint for clarity and consistency only. Their use shall not be deemed an admission of any fact or claim contained therein.

conclusions to which no response is required. To the extent any response may be required, Defendant denies the remaining allegations contained in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent any response may be required, Defendant admits that, subject to the defenses asserted in this Answer, venue in this Court is proper. Defendant denies any remaining allegations contained in Paragraph 8 of the Complaint.

**FACTS**

9. Regarding the allegations contained in Paragraph 9 of the Complaint, Defendant admits that it hired Plaintiff on August 5, 2013 to the position of Senior Vice President of Marketing and Communications. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint, including the alleged success of Plaintiff's career prior to Novant, and therefore, denies them.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations contained in Paragraph 13 of the Complaint, Defendant admits that its severance pay policies speak for themselves. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations contained in Paragraph 14 of the Complaint, Defendant admits that its severance pay policies speak for themselves. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations contained in Paragraph 15 of the Complaint, Defendant admits that its severance pay policies speak for themselves. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Regarding the allegations contained in Paragraph 16 of the Complaint, Defendant admits that Plaintiff's employment was terminated on July 30, 2018 due to his deficient performance, including his inability to communicate effectively before a group and the delegation of the critical duties of his position to his subordinates. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Regarding the allegations contained in Paragraph 17 of the Complaint, Defendant admits that Jesse Cureton notified Plaintiff of the decision to terminate his employment. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Regarding the allegations contained in Paragraph 19 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of any assessments Plaintiff received from Press Ganey on unidentified dates, and, therefore, denies those allegations. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations contained in Paragraph 20 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of any "resiliency" score received by Plaintiff's team on unidentified dates, and therefore denies those allegations. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Regarding the allegations contained in Paragraph 21 of the Complaint, Defendant admits that Plaintiff sat on committees and strategic councils. Defendant denies that Plaintiff regularly participated in those committees and councils, and admits that he regularly failed to

attend meetings of the same. Defendant admits that Plaintiff attended a few initial meetings on the digital access project. Defendant denies that Plaintiff led this project and admits that others, including Tammy Jones (VP, Marketing), not Plaintiff, primarily did all of the work on this project. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations contained in Paragraph 22 of the Complaint, Defendant admits that Novant's marketing projects have earned industry-wide recognition and awards, however, Defendant denies that this recognition is due to Plaintiff's leadership. Defendant admits that Plaintiff was part of the Health Management Academy and that Plaintiff paid to be a member of the same. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Regarding the allegations contained in Paragraph 23 of the Complaint, Defendant admits that the Senior Vice President of Marketing and Communications position was split into two different roles: Chief PR and Communications Officer and Chief Marketing Officer. Defendant further admits that Kati Everett, a white female, was promoted to the position of Chief PR and Communications Officer. Defendant admits that due to Plaintiff's frequent delegation of his duties, Ms. Everett was performing many of the key duties of Plaintiff's position prior to his termination. Defendant also admits that Vicky Free, an African-American female, was hired as the Chief Marketing Officer. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Regarding the allegations contained in Paragraph 26 of the Complaint, Defendant admits that its current Chief Administrative Officer is an African-American male, as is the current

President and Chief Operating Officer of the Haymarket Medical Centers. Defendant further admits that its current President of the Physician Network is an African-American female and its current Chief Digital and Technology Officer is a Caucasian female, as is its current Kernersville Medical Center Admin. President and Chief Operating Officer. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations contained in Paragraph 27 of the Complaint, Defendant admits that the goal of achieving diversity in leadership has recognized value. Defendant denies that it terminated any individual for the sole purpose of achieving diversity and denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant lacks sufficient information to form a belief as to the existence of an email sent on an unidentified date to unidentified recipients by an unidentified sender, and therefore denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**([Denied Violation of] Title VII)**

31. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 30, as if fully set forth herein.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Regarding the allegations contained in Paragraph 33 of the Complaint, Defendant admits that Plaintiff is a white male. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits that the Senior Vice President of Marketing and Communications position was split into two different roles: Chief PR and Communications Officer and Chief Marketing Officer. Defendant further admits that Kati Everett, a white female, was promoted to the position of Chief PR and Communications Officer, and that Vicky Free, an African-American female, was hired as the Chief Marketing Officer. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Regarding Paragraph 37, Defendant admits that Plaintiff seeks various types of damages under Title VII. Defendant denies that it violated Title VII or any other law, rule, or regulation with respect to Plaintiff's employment, denies that Plaintiff is entitled to any relief whatsoever, and denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Regarding Paragraph 38, Defendant admits that Plaintiff seeks compensatory damages under 42 U.S.C. § 1981(a). Defendant denies that it violated Title VII or any other law, rule, or regulation with respect to Plaintiff's employment, denies that Plaintiff is entitled to any relief whatsoever, and denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Regarding Paragraph 39, Defendant admits that Plaintiff seeks punitive damages under 42 U.S.C. § 1981(a). Defendant denies that it violated Title VII or any other law, rule, or regulation with respect to Plaintiff's employment, denies that Plaintiff is entitled to any relief whatsoever, and denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. Regarding Paragraph 40, Defendant admits that Plaintiff seeks "reasonable attorneys' fees." Defendant denies that it violated Title VI or any other law, rule, or regulation

with respect to Plaintiff's employment, denies that Plaintiff is entitled to attorneys' fees, and denies the remaining allegations contained in Paragraph 40 of the Complaint.

## SECOND CLAIM FOR RELIEF
## ([Denied Violation of] 29 U.S.C. § 1140)

41. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 40, as if fully set forth herein.

42. The allegations contained in Paragraph 42 of the Complaint contain legal conclusions to which no response is required.

43. The allegations contained in Paragraph 43 of the Complaint contain legal conclusions to which no response is required.

44. The allegations contained in Paragraph 44 of the Complaint contain legal conclusions to which no response is required. To the extent any response may be required, Defendant admits that 29 U.S.C § 1140 speaks for itself.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## THIRD CLAIM FOR RELIEF
## ([Denied] Wrongful Discharge)

48. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 47, as if fully set forth herein.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Regarding the allegations contained in Paragraph 50 of the Complaint, Defendant admits that Plaintiff is a white male. Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. The allegations contained in Paragraph 51 of the Complaint contain legal conclusions to which no response is required. To the extent any response may be required, Defendant admits that N.C.G.S. § 143-422.2 speaks for itself.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Regarding Paragraph 53, Defendant admits that Plaintiff seeks "actual and compensatory tort damages." Defendant denies that it violated N.C.G.S. § 143-422.2 or any other law, rule, or regulation with respect to Plaintiff's employment, denies that Plaintiff is entitled to any relief whatsoever, and denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### ([Denied] Wrongful Discharge)

55. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 54, as if fully set forth herein.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Regarding Paragraph 57, Defendant admits that Plaintiff attempts to bring this action under the North Carolina Wage and Hour Act N.C.G.S. § 95-25.1, *et seq.* to the extent it is not preempted. Defendant denies that it violated the North Carolina Wage and Hour Act or any other law, rule, or regulation with respect to Plaintiff's employment, and denies the remaining allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint states a legal conclusion to which no response is required.

59. Paragraph 59 of the Complaint states a legal conclusion to which no response is required.

60. Paragraph 60 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Regarding Paragraph 63, Defendant admits that Plaintiff seeks "actual and compensatory tort damages" under the North Carolina Wage and Hour Act. Defendant denies that it violated the North Carolina Wage and Hour Act or any other law, rule, or regulation with respect to Plaintiff's employment, denies that Plaintiff is entitled to any relief whatsoever, and denies the remaining allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

## JURY DEMAND

65. Defendant admits that Plaintiff has demanded a jury trial for all matters except the claim under 29 U.S.C. § 1140.

## PRAYER FOR RELIEF

66. Defendant denies that Plaintiff is entitled to any of the remedies demanded in the prayer for relief and its subparts or any relief whatsoever.

67. Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the claims alleged in Plaintiff's Complaint, Defendant asserts the following defenses:

## **SECOND DEFENSE**

Any allegations of Plaintiff's Complaint not expressly admitted are hereby denied.

### THIRD DEFENSE

The claims asserted in the Complaint fail to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

All actions taken regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory reasons unrelated to Plaintiff's race, sex or any other alleged protected activity or characteristic.

### FIFTH DEFENSE

Defendant at all times acted reasonably and in good faith toward Plaintiff. All decisions regarding Plaintiff were based on reasonable factors other than race, sex or any other alleged protected activity or characteristic, and it did not act intentionally or violate any law, regulation or public policy willfully or otherwise.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant's actions were justified by legitimate business reasons.

### SEVENTH DEFENSE

Even if Plaintiff were to prove a discriminatory factor motivated the alleged actions – which Defendant expressly denies – Defendant would have taken the same action in the absence of such motivation.

### EIGHTH DEFENSE

If any improper, illegal, or discriminatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, and

were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

### NINTH DEFENSE

Plaintiff's claims for punitive damages fail because Defendant did not act with malice or reckless indifference to Plaintiff's federally or state protected rights.

### TENTH DEFENSE

Plaintiff's claim for punitive damages, if granted by the Court, would deprive Defendant of its rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and Article I, ¶¶ 19 and 27 of the North Carolina Constitution.

### ELEVENTH DEFENSE

Plaintiff's recovery of damages, if any, is barred to the extent Plaintiff has failed to mitigate such damages.

### TWELFTH DEFENSE

Upon discovery of sufficient facts, Defendant reserves the right to raise the "after acquired evidence" defense.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy all jurisdictional, statutory and administrative prerequisites and conditions precedent with respect to his claims.

### FOURTEENTH DEFENSE

Plaintiff's claims, or some of them, are, or may be barred by the same actor and/or the same decision-maker defense.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they are beyond the time period

of any applicable statute of limitations and/or statutory, procedural or administrative requirements.

**SIXTEENTH DEFENSE**

Plaintiff's claims may be barred in whole or in part under the doctrines of laches, estoppel, waiver, unclean hands, and/or because of Plaintiff's own conduct to the extent any such doctrine is applicable to the facts of this case.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred to the extent they rely on allegations outside the scope of the Plaintiff's EEOC Charge and/or they rely on events occurring more than 180 days prior to the date the EEOC Charge was filed.

**EIGHTEENTH DEFENSE**

In the event Plaintiff recovers damages, any award of damages is subject to any and all applicable caps and limitations.

**NINETEENTH DEFENSE**

Plaintiff's state law claims are preempted, in whole or in part, by the applicable provisions of ERISA to the extent applicable and some or all of Plaintiff's remedies are then limited to the exclusive remedies available under ERISA.

**TWENTIETH DEFENSE**

Defendant's actions were proper and reasonable, and were not arbitrary, capricious, or erroneous as a matter of law.

**TWENTY-FIRST DEFENSE**

Plaintiff was not, and has not been, deprived of any employee benefits or any right to which Plaintiff may be entitled under the terms and conditions of any applicable employee benefits plan.

**TWENTY-SECOND DEFENSE**

Plaintiff cannot show that Defendant had the "specific intent" necessary to establish his ERISA claim.

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become applicable during discovery in this action and reserves the right to amend its Answer to assert any such defense(s).

WHEREFORE, Defendant prays the Court as follows:

1. Plaintiff have and recover nothing by this action and that Plaintiff's claims be dismissed with prejudice;

2. Defendant be awarded costs and reasonable attorney's fees;

3. Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated this the 16th day of December, 2019.

Respectfully submitted,

/s/Benjamin R. Holland
Benjamin R. Holland, NC #28580
Elizabeth R. Gift, NC #44331
S. Abigail Littrell, NC #49354
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: ben.holland@ogletree.com
elizabeth.gift@ogletree.com
abby.littrell@ogletree.com

# CERTIFICATE OF SERVICE

I, Benjamin R. Holland, hereby certify that I have this day electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following persons:

S. Luke Largess
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Facsimile: 704.338.1312
Email: llargess@tinfulton.com

Dated this the 16th day of December, 2019.

/s/Benjamin R. Holland
N.C. Bar No. 28580
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: ben.holland@ogletree.com