# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00624-DSC

| | |
|---|---|
| DAVID DUVALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NOVANT HEALTH INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Novant Health's "Motion for Summary Judgment" (document # 38), Plaintiff David Duvall's "Motion for Partial Summary Judgment" (document # 39), and the parties' associated briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 29 U.S.C. § 636(c). This Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court denies the parties' Motions for Summary Judgment as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2019, Plaintiff commenced this action alleging that he was wrongfully terminated by Defendant on the basis of his race and sex in violation of Title VII of the Civil Rights Act of 1964 and the public policy set forth in North Carolina's Equal Employment Practices Act. He also alleges that he was wrongfully terminated to prevent him from obtaining severance benefits in violation of the Employment Retirement Income Security Act of 1974 and the public

set forth in the North Carolina Wage and Hour Act. Defendant moves for summary judgment as to Plaintiff's four claims and seeks dismissal of this action with prejudice. Plaintiff moves for partial summary judgment on his Title VII claim and his state law claim for wrongful discharge in violation of the public policy set forth in North Carolina's Equal Employment Practices Act.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A dispute is genuine if a reasonable jury could return a verdict for the non-moving party." Vannoy v. Federal Reserve Bank of Richmond, 827 F.3d 296, 300 (4th Cir. 2016) (quoting Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "A fact is material if it might affect the outcome of the suit under the governing law." Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the evidence and any inferences therefrom in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court applies "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the non-moving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir. 2015) (quoting Tolan, 572 U.S. at 660).

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Id. at 568-69 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." Id. at 569 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

### III. DISCUSSION

The Court concludes that taking the evidence in the light most favorable to Plaintiff and Defendant, there are issues of material fact that would permit, but not require, a reasonable jury to return a verdict in their favor. Accordingly, Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment are denied.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED** that:

1. Defendant's "Motion for Summary Judgment" and Plaintiff's "Motion for Partial Summary Judgment" (Documents ## 38 & 39) are **DENIED**.
2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 9, 2020

David S. Cayer
United States Magistrate Judge