| | |
|---|---|
| DAVID DUVALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOVANT HEALTH, INC., ) <br> ) <br> Defendant. ) <br> ) <br> ) | C.A. No. 3:19-cv-00624-DSC |

**PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Plaintiff David Duvall ("Duvall" or "Plaintiff") and Defendant Novant Health, Inc. ("Novant Health" or "Defendant"), (collectively, the "Parties") submit the attached written requests for jury instructions and respectfully ask the Court to instruct the jury on the law as set forth in these requests if competent evidence supporting these instructions is introduced at trial.

These requests are based on the currently anticipated trial issues. The Parties respectfully reserve the right to submit additional instructions to the Court as dictated by the trial evidence and rulings of the Court.[1]

**Proposed Jury Instructions**
1. Juror's General Duty
2. Juror's Duty to Be Impartial /All Persons Equal Before the Law - Organizations
3. Evidence in the Case
4. Credibility of Witnesses/Discrepancy in Testimony
5. Deposition Evidence at Trial
6. Burden of Proof/Preponderance of the Evidence

---

[1] Attached as Exhibit A are the instructions originally proposed by Defendant. A redline containing Plaintiff's proposed revisions and Parties' disagreement with respect to certain instructions is attached as Exhibit B.

7. Elements of Title VII and NCEEPA Claims – Disparate Treatment – Sex and Race Discrimination)
8. Sex and Race Discrimination – Second Issue – Same Decision
9. Back Pay
10. Mitigation of Damages
11. Unanimous Verdict

Dated this the 14th day of April, 2021.

                                      Respectfully submitted,

/s/ S. Luke Largess
NC Bar No. 17486
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Email: llargess@tinfulton.com

/s/ Benjamin R. Holland
NC Bar No. 28580
/s/Elizabeth R. Gift
NC Bar No. 44331
/s/ S. Abigail Littrell
NC Bar No. 49354
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH
 SMOAK & STEWART, P.C.
201 S. College St., Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
Email: ben.holland@ogletree.com
elizabeth.gift@ogletree.com

# PROPOSED JURY INSTRUCTION NO. 1

## (Juror's General Duty) [2]

Members of the Jury:

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case.

Do not single out one instruction as stating the law, but consider the instructions as a whole.

Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

---

[2] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions §103.01 (6th Ed. 2011).

# PROPOSED JURY INSTRUCTION NO. 2

**(Juror's Duty to Be Impartial/All Persons Equal Before the Law - Organizations)**

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[3]

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. A corporation like Novant Health is entitled to the same fair trial at your hands as a private citizen. All persons, including individuals and corporations, stand equal before the law and are to be treated as equals.[4]

---

[3] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 103.01 (6th Ed. 2011).
[4] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* Jury Instructions § 103.12 (6th Ed. 2011).

# PROPOSED JURY INSTRUCTION NO. 3

## (Evidence in the Case) [5]

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret or understand the evidence, but it is not evidence. However, when the lawyers for both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

---

[5] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 103.30 (6th Ed. 2011).

# PROPOSED JURY INSTRUCTION NO. 4

## (Credibility of Witnesses/Discrepancy in Testimony) [6]

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

---

[6] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 105.01 (6th Ed. 2011).

7

Case 3:19-cv-00624-DSC   Document 73   Filed 04/14/21   Page 7 of 17

After making your own judgment, you will give the testimony of each witness such weight, if any, that you think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

# PROPOSED JURY INSTRUCTION NO. 5

## (Deposition Evidence at Trial) [7]

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered [was recorded in writing and now will be read to you] [was electronically video recorded and that recording now will be played for you]. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. [You should not place any significance on the manner or tone of voice used to read the witness's answers to you.

---

[7] Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 11.70 (2020).

9

Case 3:19-cv-00624-DSC   Document 73   Filed 04/14/21   Page 9 of 17

# PROPOSED JURY INSTRUCTION NO. 6

## (Burden of Proof/Preponderance of the Evidence) [8]

Plaintiff, David Duvall, has the burden in this civil action to prove by a preponderance of the evidence that his race and/or gender was a motivating factor in his termination. If plaintiff, Mr. Duvall, should fail to establish by a preponderance of the evidence, that this race and/or sex was a motivating factor in his termination you should find for defendant, Novant Health as to that legal claim.

If you find that is race and/or gender was a motivating factor in his termination, the Defendant, Novant Health, has the opportunity to establish by a preponderance of the evidence that it would have made the same decision in the absence of the improper motivation.

"Establish by a preponderance of the evidence" means to prove that something is *more likely so than not so*. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[8] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 104.01 (6th Ed. 2011).

# PROPOSED JURY INSTRUCTION NO. 7

## (Elements of Title VII and NCEEPA Claims – Disparate Treatment —Sex and Race Discrimination)[9]

In order for Duvall to establish his claims against Novant Health, he has the burden of proving by a preponderance of the evidence that Novant Health's actions were motivated by his race (Caucasian) or sex (male).

Duvall must prove that Novant Health intentionally discriminated against him. This means that Duvall must prove that his race (Caucasian) or sex (male) was a motivating factor in Novant Health's decision to terminate him.

The mere fact Duvall is a white male and was terminated is not sufficient, in and of itself, to establish his claim under the law.

In proving by a preponderance of evidence that Duvall's race or sex was a motivating factor for his termination action, Duvall is not required to prove that his race or his sex was the sole motivation or even the primary motivation for Novant Health's decision. Duvall must prove that his race or his sex played a motivating part in Novant Health's decision even though other factors may also have motivated Novant Health.

As used in this instruction, Duvall's race or sex was a "motivating factor" if his race (Caucasian) or sex (male) played a role in Novant Health's decision to terminate him. In other words, Duvall's race or sex must have actually played a role in Novant Health's decision making

---

[9] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:20 (6th Ed. 2011); MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT §5.1.1 (July 2019 Ed.); *Brewer v. Cabarrus Plastics, Inc*., 130 N.C.App. 681, 686, 504 S.E.2d 580, 584 (1998) (*citing N.C. Dep't of Corr. v. Gibson*, 308 N.C. 131, 141, 301 S.E.2d 78, 85 (1983) (holding that the North Carolina Supreme Court "has adopted the evidentiary standards and principles developed under Title VII" for state-law wrongful-discharge claims).

process and had a motivating influence on the outcome.

If you find by a preponderance of evidence that Novant Health's treatment of Duvall was motivated by both discriminatory and lawful reasons, you must decide whether Duvall is entitled to damages. Duvall is not entitled to damages if Novant Health proves that it would have treated Duvall the same even if Duvall's race or sex had played no role in the employment decision.

# PROPOSED JURY INSTRUCTION NO. 8

## (Sex and Race Discrimination – Second Issue - Same Decision)[10]

Regarding Duvall's sex and race discrimination claims, the second issue you must decide is as follows:

Do you find that Novant Health would have made the same decision to terminate Plaintiff regardless of his race (Caucasian) or sex (male)?

On this issue, the burden of proof is on Novant Health.

If you find by a preponderance of the evidence that Novant Health has proven that it would have made the same decision to terminate Plaintiff regardless of his race (Caucasian) or sex (male), then you must answer this issue "yes." If you answer this issue "yes" then you do not need to proceed to the next issue in this sex and race discrimination claim. Duvall is not entitled to damages if Novant Health proves by a preponderance of the evidence that it would have treated Duvall the same even if Duvall's race (Caucasian) or sex (male) had played no role in the employment decision.[11]

If, on the other hand, you find that Novant Health would not have made the same decision then you must answer this issue "no," and proceed to the next issue in this sex and race discrimination claim.

---

[10] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:76 (6th Ed. 2011) (Modified).
[11] 42 U.S.C. § 2000e-5(g)(2)(B)(i), (ii) (2006); MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT §5.1.1 (July 2019 Ed.).

# PROPOSED JURY INSTRUCTION NO. 9

## (Damages - Back Pay) [12]

If you find in favor of the Plaintiff under Issue No. 1 (that Plaintiff has proven by a preponderance of the evidence his race or sex was a motivating factor in this termination) and if you answer Issue No. 2 "no" and find that Novant Health has not proven by the preponderance of the evidence that it would not have terminated Duvall in the absence of that illegal motive, then you must determine the amount of damages, if any, that Novant Health's actions have caused Duvall.

You may award as actual damages an amount that reasonably compensates Duvall for any lost wages and benefits, taking into consideration any increases in salary and benefits that Duvall would have received had Duvall not been discriminated against.

You must reduce any award by any earnings Duvall made from other employment after his termination.

---

[12] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions, § 171.91 (6th Ed. 2011); Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 5.70 (2020).

14

Case 3:19-cv-00624-DSC   Document 73   Filed 04/14/21   Page 14 of 17

# PROPOSED JURY INSTRUCTION NO. 10

## (Damages - Mitigation of Damages) [13]

Duvall must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." Novant Health must prove by a preponderance of the evidence that Duvall failed to mitigate his damages for loss of compensation.

If you determine that Duvall is entitled to lost compensation, you must reduce the loss by:

1. What Duvall earned; and
2. What Duvall could have earned by reasonable effort during the period from his discharge until the date of trial.

You must decide whether Duvall acted reasonably in not seeking or not accepting a particular job. If you find that Duvall failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

You must not compensate Duvall for any portion of his loss of compensation resulting from his failure to make reasonable efforts to reduce his loss of compensation.

---

[13] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions, § 171.95 (6th Ed. 2011); Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 11.70 (2020).

# PROPOSED INSTRUCTION NO. 11

## (Unanimous Verdict - Duty to Deliberate) [14]

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without giving up your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it should be changed. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a unanimous verdict.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

[14] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 106.01 (6th Ed. 2011).

## CERTIFICATE OF SERVICE

I, S. Abigail Littrell, hereby certify that I have this day electronically filed the foregoing **JOINT PROPOSED JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person:

S. Luke Largess
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Facsimile: 704.338.1312
Email: llargess@tinfulton.com

Dated this the 14th day of April, 2021.

/s/S. Abigail Littrell
N.C. Bar No. 44331
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.405.3131
Facsimile: 704.342.4379
E-mail: abby.littrell@ogletree.com

46789468.1