IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| DAVID DUVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 3:19-cv-00624-DSC |
| NOVANT HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Plaintiff David Duvall ("Duvall" or "Plaintiff") and Defendant Novant Health, Inc. ("Novant Health" or "Defendant"), (collectively, the "Parties") submit the attached written requests for jury instructions and respectfully ask the Court to instruct the jury on the law as set forth in these requests if competent evidence supporting these instructions is introduced at trial.

These requests are based on the currently anticipated trial issues. The Parties respectfully reserve the right to submit additional instructions to the Court as dictated by the trial evidence and rulings of the Court.

**Proposed Jury Instructions**
1. Juror's General Duty
2. Juror's Duty to Be Impartial /All Persons Equal Before the Law - Organizations
3. Evidence in the Case
4. Credibility of Witnesses/Discrepancy in Testimony
5. Deposition Evidence at Trial
6. Burden of Proof/Preponderance of the Evidence
7. Nature of the Claim – Title VII
8. Nature of the Claim – North Carolina Equal Employment Practices Act
9. Intent
10. Unfair Treatment is not Discrimination

11. Same Actor
12. Elements of Title VII and NCEEPA Sex and Race Discrimination Claims
13. Sex and Race Discrimination – First Issue – Motivating Factor
14. Sex and Race Discrimination – Second Issue-Same Decision
15. Back Pay
16. Mitigation of Damages
17. Punitive Damages
18. Unanimous Verdict
19. Verdict Form

Dated this the 14th day of April, 2021.

Respectfully submitted,

/s/ S. Luke Largess
NC Bar No. 17486
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Email: llargess@tinfulton.com

/s/ Benjamin R. Holland
NC Bar No. 28580
/s/Elizabeth R. Gift
NC Bar No. 44331
/s/ S. Abigail Littrell
NC Bar No. 49354
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH
  SMOAK & STEWART, P.C.
201 S. College St., Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
Email: ben.holland@ogletree.com
elizabeth.gift@ogletree.com

3

## PROPOSED JURY INSTRUCTION NO. 1

### (Juror's General Duty) [1]

Members of the Jury:

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case.

Do not single out one instruction as stating the law, but consider the instructions as a whole.

Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

---

[1] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions §103.01 (6th Ed. 2011).

## PROPOSED JURY INSTRUCTION NO. 2

### (Juror's Duty to Be Impartial/All Persons Equal Before the Law - Organizations)

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[2]

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. A corporation like Novant Health is entitled to the same fair trial at your hands as a private citizen. All persons, including individuals and corporations, stand equal before the law and are to be treated as equals.[3]

---

[2] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 103.01 (6th Ed. 2011).

[3] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* Jury Instructions § 103.12 (6th Ed. 2011).

## PROPOSED JURY INSTRUCTION NO. 3

### (Evidence in the Case) [4]

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret or understand the evidence, but it is not evidence. However, when the lawyers for both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

---

[4] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 103.30 (6th Ed. 2011).

## PROPOSED JURY INSTRUCTION NO. 4

## (Credibility of Witnesses/Discrepancy in Testimony) [5]

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

---

[5] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 105.01 (6th Ed. 2011).

After making your own judgment, you will give the testimony of each witness such weight, if any, that you think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## PROPOSED JURY INSTRUCTION NO. 5

### (Deposition Evidence at Trial) [6]

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered [was recorded in writing and now will be read to you] [was electronically video recorded and that recording now will be played for you]. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. [You should not place any significance on the manner or tone of voice used to read the witness's answers to you.]

---

[6] Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 11.70 (2020).

**PROPOSED JURY INSTRUCTION NO. 6**

**(Burden of Proof/Preponderance of the Evidence)** [7]

Plaintiff, David Duvall, has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If plaintiff, Mr. Duvall, should fail to establish any essential element of his legal claim by a preponderance of the evidence, you should find for defendant, Novant Health as to that legal claim.

"Establish by a preponderance of the evidence" means to prove that something is *more likely so than not so*. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[7] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 104.01 (6th Ed. 2011).

**PROPOSED JURY INSTRUCTION NO. 7**

**(Nature of the Claim – Title VII)[8]**

Title VII of the Civil Rights Act makes it unlawful for an employer to intentionally discharge any person on the basis of that person's race or sex.

The plaintiff in this case, Duvall, claims that the defendant, Novant Health, intentionally discriminated against him by terminating him on the basis of his race and sex. Novant Health denies this charge. It is your responsibility to decide whether Duvall has proven his claims against Novant Health by a preponderance of the evidence.

---

[8] 42 U.S.C. §2000e-2(a)(1); 42 U.S.C. §2000e-3; O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:1(6th Ed. 2011).

**PROPOSED JURY INSTRUCTION NO. 8**

**(Nature of the Claim – North Carolina Equal Employment Practices Act)[9]**

The North Carolina Equal Employment Practices Act ("NCEEPA") establishes a public policy that makes it unlawful for an employer to discriminate against any person on account of that person's race or sex.

The plaintiff in this case, Duvall, claims that the defendant, Novant Health, intentionally discriminated against him by terminating him on account of his race and sex. Novant Health denies this charge. It is your responsibility to decide whether Duvall has proven his claims against Novant Health by a preponderance of the evidence.

---

[9]  N.C.G.S. § 143-422.2; O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:1(6th Ed. 2011).

## PROPOSED JURY INSTRUCTION NO. 9

## (Intent)[10]

Duvall must prove by a preponderance of the evidence that Novant Health intentionally discriminated against him in his termination. To demonstrate such an intent to discriminate on the part of Novant Health, Duvall must prove that his race or sex actually motivated Novant Health's decision.[11] Duvall, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

---

[10] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:26 (6th Ed. 2011).
[11] *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004)

## PROPOSED JURY INSTRUCTION NO. 10

## (Unfair Treatment Is Not Discrimination)

The question before you is not whether Duvall was treated fairly. The law does not require that employment decisions be "fair." The issue is whether illegal discrimination occurred. If you do not approve of Novant Health's decision to terminate Duvall, that is not grounds for finding in favor of Duvall in this case. If you find that the decision to terminate Duvall was not motivated by his sex or race, you must return a verdict for Novant Health even if you think that Novant Health treated Duvall unfairly or that a different result would have been better.[12]

---

[12] *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230 (4th Cir. 1982).

**PROPOSED JURY INSTRUCTION NO. 11**

**(Same Actor)[13]**

If you find the same person who hired Duvall is also one of the people who allegedly discriminated against Duvall, you may consider it inherently inconsistent that an individual who is willing to hire a person who is a member of a protected class will discriminate against that same individual because the person is a member of that class.

---

[13] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:81 (6th Ed. 2011).

<u>**PROPOSED JURY INSTRUCTION NO. 12**</u>

**(Elements of Title VII and NCEEPA Claims – Disparate Treatment —Sex and Race Discrimination)[14]**

In order for Duvall to establish his claims against Novant Health, he has the burden of proving by a preponderance of the evidence that Novant Health's actions were motivated by his race (Caucasian) or sex (male).

Duvall must prove that Novant Health intentionally discriminated against him. This means that Duvall must prove that his race (Caucasian) or sex (male) was a motivating factor in Novant Health's decision to terminate him.

The mere fact Duvall is a white male and was terminated is not sufficient, in and of itself, to establish his claim under the law.

In proving by a preponderance of evidence that Duvall's race or sex was a motivating factor for his termination action, Duvall is not required to prove that his race or his sex was the sole motivation or even the primary motivation for Novant Health's decision. Duvall must prove that his race or his sex played a motivating part in Novant Health's decision even though other factors may also have motivated Novant Health.

As used in this instruction, Duvall's race or sex was a "motivating factor" if his race (Caucasian) or sex (male) played a role in Novant Health's decision to terminate him. In other

---

[14] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:20 (6th Ed. 2011); MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT §5.1.1 (July 2019 Ed.); *Brewer v. Cabarrus Plastics, Inc*., 130 N.C.App. 681, 686, 504 S.E.2d 580, 584 (1998) (*citing N.C. Dep't of Corr. v. Gibson*, 308 N.C. 131, 141, 301 S.E.2d 78, 85 (1983) (holding that the North Carolina Supreme Court "has adopted the evidentiary standards and principles developed under Title VII" for state-law wrongful-discharge claims).

words, Duvall's race or sex must have actually played a role in Novant Health's decision making process and had a motivating influence on the outcome.

If you find by a preponderance of evidence that Novant Health's treatment of Duvall was motivated by both discriminatory and lawful reasons, you must decide whether Duvall is entitled to damages. Duvall is not entitled to damages if Novant Health proves that it would have treated Duvall the same even if Duvall's race or sex had played no role in the employment decision.

## PROPOSED JURY INSTRUCTION NO. 13

### (Sex and Race Discrimination – First Issue - Motivating Factor)[15]

Regarding Duvall's sex and race discrimination claims, the first issue you must decide is as follows:

Do you find from a preponderance of the evidence that Novant Health's decision to terminate Duvall was motivated by Duvall's race (Caucasian) or sex (male)?

On this issue, the burden of proof is on Duvall. This means that Duvall must prove, by the greater weight of the evidence, that Novant Health intentionally discriminated against him on the basis of his race (Caucasian) or sex (male).

If you find that Duvall failed to prove by a preponderance of the evidence that his race (Caucasian) or sex (male) was a motivating factor in Novant Health's decision to terminate him, then you must answer the first issue "no," and find in favor of Novant Health. If you answer this issue "no," then you do not need to proceed to the next issue in this sex and race discrimination claim.

If, on the other hand, you find that Novant Health's decision to terminate Plaintiff was motivated by his race (Caucasian) or sex (male), then you must answer the first issue "yes," and proceed to the next issue in this sex and race discrimination claim.

---

[15] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:20 (6th Ed. 2011) (Modified); 640.28 Employment Discrimination--Mixed Motive Case., NC Pattern Jury Inst. - Civ. 640.28.

## PROPOSED JURY INSTRUCTION NO. 14

### (Sex and Race Discrimination – Second Issue - Same Decision)[16]

Regarding Duvall's sex and race discrimination claims, the second issue you must decide is as follows:

Do you find that Novant Health would have made the same decision to terminate Plaintiff regardless of his race (Caucasian) or sex (male)?

On this issue, the burden of proof is on Novant Health.

If you find by a preponderance of the evidence that Novant Health would have made the same decision to terminate Plaintiff regardless of his race (Caucasian) or sex (male), then you must answer this issue "yes." If you answer this issue "yes" then you do not need to proceed to the next issue in this sex and race discrimination claim. Duvall is not entitled to damages if Novant Health proves by a preponderance of the evidence that it would have treated Duvall the same even if Duvall's race (Caucasian) or sex (male) had played no role in the employment decision.[17]

If, on the other hand, you find that Novant Health would not have made the same decision then you must answer this issue "no," and proceed to the next issue in this sex and race discrimination claim.

---

[16] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:76 (6th Ed. 2011) (Modified).

[17] 42 U.S.C. § 2000e-5(g)(2)(B)(i), (ii) (2006); MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT §5.1.1 (July 2019 Ed.).

**PROPOSED JURY INSTRUCTION NO. 15**

**(Damages - Back Pay)** [18]

If you find in favor of the Plaintiff under Issue No. 1 (that his race or sex was a motivating factor in this termination) and if you answer "no" in response to Issue No. 2 (that Novant Health would have taken the same action regardless of Plaintiff's race or sex), then you must determine the amount of damages that Novant Health's actions have caused Duvall.

You may award as actual damages an amount that reasonably compensates Duvall for any lost wages and benefits, taking into consideration any increases in salary and benefits that Duvall would have received had Duvall not been discriminated against.

You must reduce any award by the amount of the expenses that Duvall would have incurred in making those earnings.

---

[18] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions, § 171.91 (6th Ed. 2011); Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 5.70 (2020).

## PROPOSED JURY INSTRUCTION NO. 16

### (Damages - Mitigation of Damages) [19]

Duvall must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." Novant Health must prove by a preponderance of the evidence that Duvall failed to mitigate his damages for loss of compensation.

If you determine that Duvall is entitled to lost compensation, you must reduce the loss by:

1. What Duvall earned; and
2. What Duvall could have earned by reasonable effort during the period from his discharge until the date of trial.

You must decide whether Duvall acted reasonably in not seeking or not accepting a particular job. If you find that Duvall failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

You must not compensate Duvall for any portion of his loss of compensation resulting from his failure to make reasonable efforts to reduce his loss of compensation.

---

[19] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions, § 171.95 (6th Ed. 2011); Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 11.70 (2020).

## PROPOSED JURY INSTRUCTION NO. 17

### (Punitive Damages) [20][21]

Duvall claims the acts of Novant Health were done with malice or reckless indifference to Duvall's federally protected rights so as to entitle him to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Duvall and then further find from a preponderance of the evidence:

<u>First</u>: That a higher management official of Novant Health personally acted with malice or reckless indifference to Duvall's federally protected rights, and

---

[20] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions, § 171.94 (6th Ed. 2011).

[21] To be awarded punitive damages under North Carolina law, a plaintiff must prove, by clear and convincing evidence, that malice or willful or wanton conduct was present and was related to the injury for which compensatory damages were awarded. N.C. Gen. Stat. § 1D-15(a)-(b). A separate instruction is not required, however, because a plaintiff may not recover duplicative damages for a single injury. *See Gordon v. Pete's Auto Serv. of Denbigh, Inc*., 637 F.3d 454, 460 (4th Cir. 2011) (citations omitted) (a plaintiff "may not receive a double recovery under different legal theories for the same injury"); *E.E.O.C. v. Waffle House, Inc*., 534 U.S. 279, 297 (2002) (quotation and citation omitted) ("it goes without saying that the courts can and should preclude double recovery by an individual.").

Second: That Novant Health itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against Novant Health, you may consider the financial resources of defendant in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to Duvall's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of defendant's conduct.

2. The amount of time defendant conducted itself in this manner.

3. The amount of compensatory damages.

4. The potential profits defendant may have made from defendant's conduct.

5. The attitudes and actions of defendant's top management after the misconduct was discovered.

6. The effect of the damages award on defendant's financial condition.

## PROPOSED INSTRUCTION NO. 18

### (Unanimous Verdict - Duty to Deliberate) [22]

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without giving up your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it should be changed. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a unanimous verdict.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

[22] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 106.01 (6th Ed. 2011).

## PROPOSED JURY INSTRUCTION NO. 19

### (Verdict Form)

### COUNT 1:   Unlawful Sex and Race Discrimination

Do you find from a preponderance of the evidence:

**1. That Duvall has proven that his sex (male) and race (Caucasian) was a motivating factor in Novant Health's decision to terminate him?**
Answer Yes_____ or No_____

*** Note: If you answered "No" to Question 1 you need not answer the remaining questions.  Please have your foreperson sign and date this form because you have completed your deliberations on this claim. ***

**2. That Novant Health has shown that it would have made the same decision concerning Duvall regardless of his sex (male) and race (Caucasian)?**
Answer Yes_____ or No_____

*** Note: If you answered "Yes" to Question 2 you need not answer the remaining questions.  Please have your foreperson sign and date this form because you have completed your deliberations on this claim.  ***

## <u>DAMAGES</u>

**If you answered "Yes" to Question No. 1 and "No" to Question No. 2 for Count 1, please answer the following questions:**

**Damages Question No. 1**:

    Did Novant Health proximately cause any damages to Plaintiff David Duvall?

    Answer "Yes" or "No"

    _____

\*\*\*If you answered "Yes" to Question No. 1, then answer Question No. 2. If you answered "No" to Question No. 1, you need not answer the remaining questions. Please have your foreperson sign and date this form because you have completed your deliberations in this case. \*\*\*

**Damages Question No. 2**

    What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff David Duvall for the lost wage damages, if any, you have found Novant Health proximately caused Plaintiff David Duvall?

    Answer in dollars and cents, if any

    $_____

**Damages Question No. 3:**

    Do you find that Plaintiff David Duvall failed to exercise reasonable diligence in seeking, accepting, and maintaining substantially equivalent employment after the date of his termination by Novant Health?

    Answer "Yes" or "No"

    _____

\*\*\*If you answered "Yes" to Question No. 3, then answer Question No. 4. If you answered "No" to Question No. 3, skip to Question No. 5. \*\*\*

**Damages Question No. 4:**

How much would Plaintiff David Duvall have earned had he exercised reasonable diligence under the circumstances to minimize his damages?

Answer in dollars and cents, if any

$_____

**Damages Question No. 5:**

Do you find that Plaintiff David Duvall should be awarded punitive damages?

Answer "Yes" or "No."

_____

*** If you answered "Yes" to Question No. 5, then answer Question No. 6. If you answered "No" to Question No. 5, do not answer Question No. 6. Please have your foreperson sign and date this form because you have completed your deliberations on this claim. ***

**Damages Question No. 6:**

What sum of money, if any, should be assessed against Defendant Novant Health as punitive damages?

Answer in dollars and cents:

$_____

_____
Foreperson

Dated: _____

28

## <u>CERTIFICATE OF SERVICE</u>

I, S. Abigail Littrell, hereby certify that I have this day electronically filed the foregoing

**PROPOSED JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF system, which

will send notification of the filing to the following person:

> S. Luke Largess
> *Attorney for Plaintiff*
> Tin, Fulton, Walker & Owen, PLLC
> 301 East Park Avenue
> Charlotte, NC 28203
> Telephone: 704.338.1220
> Facsimile: 704.338.1312
> Email: llargess@tinfulton.com

Dated this the 14th day of April, 2021.

> /s/S. Abigail Littrell
> N.C. Bar No. 44331
> *Attorney for Defendant*
> OGLETREE, DEAKINS, NASH,
>  SMOAK & STEWART, P.C.
> 201 South College Street, Suite 2300
> Charlotte, NC 28244
> Telephone: 704.405.3131
> Facsimile: 704.342.4379
> E-mail: abby.littrell@ogletree.com