IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DAVID DUVALL, | ) |
| Plaintiff, | ) |
| v. | ) |
| NOVANT HEALTH, INC., | ) C.A. No. 3:19-cv-00624-DSC |
| Defendant. | ) |

**PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Plaintiff David Duvall ("Duvall" or "Plaintiff") and Defendant Novant Health, Inc. ("Novant Health" or "Defendant"), (collectively, the "Parties") submit the attached written requests for jury instructions and respectfully ask the Court to instruct the jury on the law as set forth in these requests if competent evidence supporting these instructions is introduced at trial.

These requests are based on the currently anticipated trial issues. The Parties respectfully reserve the right to submit additional instructions to the Court as dictated by the trial evidence and rulings of the Court.

**Proposed Jury Instructions**
7. Nature of the Claim – Title VII
8. Nature of the Claim – North Carolina Equal Employment Practices Act
9. Intent
10. Unfair Treatment is not Discrimination
11. Same Actor
13. Sex and Race Discrimination – First Issue – Motivating Factor
17. Punitive Damages
19. Verdict Form

Dated this the 14th day of April, 2021.

                    Respectfully submitted,

/s/ S. Luke Largess
NC Bar No. 17486
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Email: llargess@tinfulton.com

/s/ Benjamin R. Holland
NC Bar No. 28580
/s/Elizabeth R. Gift
NC Bar No. 44331
/s/ S. Abigail Littrell
NC Bar No. 49354
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH
  SMOAK & STEWART, P.C.
201 S. College St., Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
Email: ben.holland@ogletree.com
elizabeth.gift@ogletree.com

2

## PROPOSED JURY INSTRUCTION NO. 7

### (Nature of the Claim – Title VII)[1]

Title VII of the Civil Rights Act makes it unlawful for an employer to intentionally discharge any person on the basis of that person's race or sex.

The plaintiff in this case, Duvall, claims that the defendant, Novant Health, intentionally discriminated against him by terminating him on the basis of his race and sex. Novant Health denies this charge. It is your responsibility to decide whether Duvall has proven that his race and/or gender was a motivating factor in his termination and, if you so find, then decide whether his claims against Novant Health has proven by a preponderance of the evidence that it would have reached the same decision without that motivating factor.

> **Commented [A1]:** This is misleading given the mixed motive issue
>
> **Commented [A2R1]:** Defendant disagrees with this edit. This instruction is directly from O'Malley.

---

[1] 42 U.S.C. §2000e-2(a)(1); 42 U.S.C. §2000e-3; O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:1(6th Ed. 2011).

## PROPOSED JURY INSTRUCTION NO. 8

### (Nature of the Claim – North Carolina Equal Employment Practices Act)[2]

The North Carolina Equal Employment Practices Act ("NCEEPA") establishes a public policy that makes it unlawful for an employer to ~~discriminate against~~ terminate the employment of any person on account of that person's race or sex.

The plaintiff in this case, Duvall, claims that the defendant, Novant Health, intentionally discriminated against him by terminating him~~, at least in part,~~ on account of his race and sex. Novant Health denies this charge. It is your responsibility to decide whether Duvall has proven his claims against Novant Health by a preponderance of the evidence and, if so, whether Novant Health has met its burden of proof.

> **Commented [A3]:** This is a little misleading given the mixed motive issue
>
> **Commented [A4R3]:** Defendant disagrees with this as well. The instruction on same decision includes this and including it here is confusing.

---

[2] N.C.G.S. § 143-422.2; O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:1(6th Ed. 2011).

4

## PROPOSED JURY INSTRUCTION NO. 9

### (**Intent**)[3]

Duvall must prove by a preponderance of the evidence that Novant Health intentionally discriminated against him in his termination. To demonstrate such an intent to discriminate on the part of Novant Health, Duvall must prove that his race or sex was a motivating factor ~~actually motivated~~ in Novant Health's decision.[4] Duvall does not have to prove to you that it was the only factor, but only that it played some role in his termination. Duvall ~~, however,~~ is not required to produce direct evidence that ~~of~~ intentional discrimination was a motivating factor in the decision. Intentional discrimination may be inferred from circumstantial evidence, which can be as strong as direct evidence~~the existence of other facts~~.

> **Commented [A5]:** Luke, Defendant disagrees with these edits. This instruction is directly from O'Malley. The other language used is taken directly from Hill.

---

[3] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:26 (6th Ed. 2011).
[4] *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004)

## PROPOSED JURY INSTRUCTION NO. 10
### (Unfair Treatment Is Not Discrimination)

The question before you is not whether Duvall was treated fairly. The law does not require that employment decisions be "fair." The issue is whether illegal discrimination ~~occurred~~was a motivating factor in the termination. If you do not approve of Novant Health's decision to terminate Duvall, that is not grounds for finding in favor of Duvall in this case. If you find that the decision to terminate Duvall was not motivated in some part by his sex or race, you must return a verdict for Novant Health even if you think that Novant Health treated Duvall unfairly or that a different result would have been better.[5] If you find, however, that his sex and/or race was a motivating factor in his termination, then you must follow my instructions on the shifting burden of proof.

> **Commented [A6]:** Luke, Defendant disagrees with these edits. Again, the instruction on same decision covers this.

---

[5] *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230 (4th Cir. 1982).

# PROPOSED JURY INSTRUCTION NO. 11

**(Same Actor)**[6]

> Comment [A7]: I do not think you get this instruction after 5 years of employment.
>
> Comment [A8R7]: Luke, there is no bright line rule on this. It is an issue for the jury to decide.

If you find the same person who hired Duvall is also one of the people who allegedly discriminated against Duvall, you may consider it ~~inherently~~ inconsistent that an individual who is willing to hire a person who is a member of a protected class will discriminate against that same individual because the person is a member of that class. Plaintiff's evidence, however, may explain that inconsistency to your satisfaction.

---

[6] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:81 (6th Ed. 2011).

**PROPOSED JURY INSTRUCTION NO. 13**

**(Sex and Race Discrimination – First Issue - Motivating Factor)[7]**

Regarding Duvall's sex and/or race discrimination claims, the first issue you must decide is as follows:

Do you find from a preponderance of the evidence that Novant Health's decision to terminate Duvall was motivated by Duvall's race (Caucasian) and/or sex (male)?

On this issue, the burden of proof is on Duvall. This means that Duvall must prove, by the greater weight of the evidence, that Novant Health intentionally discriminated against him, at least in part, on the basis of his race (Caucasian) or sex (male). Duvall need not prove it was the sole factor in his termination .

> **Commented [A9]:** Luke, Defendant disagrees with these edits. Plaintiff has to prove intentional discrimination even in a mixed motive case. We can't agree to this addition throughout.
>
> **Commented [A10]:** Luke, This is already in 12. and we do not feel it is appropriate here.

If you find that Duvall failed to prove by a preponderance of the evidence that his race (Caucasian) or sex (male) was a motivating factor in Novant Health's decision to terminate him, then you must answer the first issue "no," and find in favor of Novant Health. If you answer this issue "no," then you must find for Novant Health and do not need to proceed to the next issue in this sex and race discrimination claim.

If, on the other hand, you find that Novant Health's decision to terminate Plaintiff was motivated in some part by his race (Caucasian) or sex (male), then you must answer the first issue "yes," and proceed to the next issue in this sex and race discrimination claim.

---

[7] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:20 (6th Ed. 2011) (Modified); 640.28 Employment Discrimination--Mixed Motive Case., NC Pattern Jury Inst. - Civ. 640.28.

## PROPOSED JURY INSTRUCTION NO. 17

### (Punitive Damages) [8,9]

Duvall claims the acts of Novant Health were done with malice or reckless indifference to Duvall's federally protected rights so as to entitle him to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. If you find that the defendant acted with malice or reckless indifference to the plaintiff's rights, then, in addition to any other damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendant for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Issue No. 3.[10]

However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

---

[8] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions, § 171.94 (6th Ed. 2011).

[9] To be awarded punitive damages under North Carolina law, a plaintiff must prove, by clear and convincing evidence, that malice or willful or wanton conduct was present and was related to the injury for which compensatory damages were awarded. N.C. Gen. Stat. § 1D-15(a)-(b). A separate instruction is not required, however, because a plaintiff may not recover duplicative damages for a single injury. *See Gordon v. Pete's Auto Serv. of Denbigh, Inc*., 637 F.3d 454, 460 (4th Cir. 2011) (citations omitted) (a plaintiff "may not receive a double recovery under different legal theories for the same injury"); *E.E.O.C. v. Waffle House, Inc*., 534 U.S. 279, 297 (2002) (quotation and citation omitted) ("it goes without saying that the courts can and should preclude double recovery by an individual.").

9

An award of punitive damages would be appropriate in this case only if you find for Duvall and then further find from a preponderance of the evidence t:

~~First: T~~hat a higher management official of Novant Health personally acted with malice or reckless indifference to Duvall's federally protected rights, ~~and~~

~~Second: That Novant Health itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.~~

> **Commented [A12]:** If the jury finds for Duvall, it will be because of the D&I plan. I don't think this instruction works here- you cannot negate the impact of one policy by pointing to boilerplate non-dscrimination polies

If you find that punitive damages should be assessed against Novant Health, you may consider the financial resources of defendant in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to Duvall's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of defendant's conduct.

2. The amount of time defendant conducted itself in this manner.

3. The amount of compensatory damages.

4. The potential profits defendant may have made from defendant's conduct.

5. The attitudes and actions of defendant's top management after the misconduct was discovered.

6. The effect of the damages award on defendant's financial condition.

# PROPOSED JURY INSTRUCTION NO. 19

## (Verdict Form)

### COUNT 1: Unlawful Sex and Race Discrimination

Do you find from a preponderance of the evidence:

**1. That Duvall has proven that his sex (male) and race (Caucasian) was a motivating factor in Novant Health's decision to terminate him?**
    Answer Yes____ or No____

*** Note: If you answered "No" to Question 1 you need not answer the remaining questions. Please have your foreperson sign and date this form because you have completed your deliberations on this claim. ***

**2. That Novant Health has shown that it would have made the same decision concerning Duvall regardless of his sex (male) and race (Caucasian)?**
    Answer Yes____ or No____

*** Note: If you answered "Yes" to Question 2 you need not answer the remaining questions. Please have your foreperson sign and date this form because you have completed your deliberations on this claim. ***

# DAMAGES

**If you answered "Yes" to Question No. 1 and "No" to Question No. 2 for Count 1, please answer the following questions:**

**Damages Question No. 1**:

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff David Duvall for the lost wage damages, if any, you have found Novant Health proximately caused Plaintiff David Duvall?

Answer in dollars and cents, if any

$_____

**Damages Question No. 2:**

Do you find that Plaintiff David Duvall failed to exercise reasonable diligence in seeking, accepting, and maintaining substantially equivalent employment after the date of his termination by Novant Health?

Answer "Yes" or "No"

_____

\*\*\*If you answered "Yes" to Question No. 3, then answer Question No. 4. If you answered "No" to Question No. 3, skip to Question No. 5. \*\*\*

~~**Damages Question No. 4:**~~

~~How much would Plaintiff David Duvall have earned had he exercised reasonable diligence under the circumstances to minimize his damages?~~

~~Answer in dollars and cents, if any~~

~~$_____~~

> **Commented [A13]:** This is completely speculative – how much he would have earned
>
> **Commented [A14R13]:** Luke, We disagree with this edit. The jury has to decide how to reduce Plaintiff's damages if they decide he failed to mitigate.

**Damages Question No. 5:**

Do you find that Plaintiff David Duvall should be awarded punitive damages?

Answer "Yes" or "No."

_____

\*\*\* If you answered "Yes" to Question No. 5, then answer Question No. 6. If you answered "No" to Question No. 5, do not answer Question No. 6. Please have your foreperson sign and date this form because you have completed your deliberations on this claim. \*\*\*

**Damages Question No. 6:**

What sum of money, if any, should be assessed against Defendant Novant Health as punitive damages?

Answer in dollars and cents:

$_____

_____
Foreperson

Dated: _____

## CERTIFICATE OF SERVICE

I, S. Abigail Littrell, hereby certify that I have this day electronically filed the foregoing **PROPOSED JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person:

S. Luke Largess
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Facsimile: 704.338.1312
Email: llargess@tinfulton.com

Dated this the 14th day of April, 2021.

/s/S. Abigail Littrell
N.C. Bar No. 44331
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.405.3131
Facsimile: 704.342.4379
E-mail: abby.littrell@ogletree.com

46792285.1