IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DAVID DUVALL, )
)
Plaintiff, )
)
v. )
) C.A. No. 3:19-cv-00624-DSC
NOVANT HEALTH, INC., )
)
Defendant. )
)
)

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendant Novant Health, Inc. ("Novant Health" or "Defendant") submits the attached written requests for jury instructions and respectfully asks the Court to instruct the jury on the law as set forth in these requests if competent evidence supporting these instructions is introduced at trial.

These requests are based on the currently anticipated trial issues. Defendant respectfully reserves the right to submit additional instructions to the Court as dictated by the trial evidence and rulings of the Court.

**Proposed Jury Instructions**
7. Nature of the Claim – Title VII
8. Nature of the Claim – North Carolina Equal Employment Practices Act
9. Intent
10. Unfair Treatment is not Discrimination
11. Same Actor
13. Sex and Race Discrimination – First Issue – Motivating Factor
17. Punitive Damages
19. Verdict Form

Dated this the 14th day of April, 2021.

                                        Respectfully submitted,

                                        /s/ Benjamin R. Holland
                                        NC Bar No. 28580
                                        /s/Elizabeth R. Gift
                                        NC Bar No. 44331
                                        /s/ S. Abigail Littrell
                                        NC Bar No. 49354
                                        *Attorneys for Defendant*
                                        OGLETREE, DEAKINS, NASH
                                         SMOAK & STEWART, P.C.
                                        201 S. College St., Suite 2300
                                        Charlotte, NC 28244
                                        Telephone: 704.342.2588
                                        Facsimile: 704.342.4379
                                        Email: ben.holland@ogletree.com
                                        elizabeth.gift@ogletree.com

2

Case 3:19-cv-00624-DSC   Document 74   Filed 04/14/21   Page 2 of 17

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

## (Nature of the Claim – Title VII)[1]

Title VII of the Civil Rights Act makes it unlawful for an employer to intentionally discharge any person on the basis of that person's race or sex.

The plaintiff in this case, Duvall, claims that the defendant, Novant Health, intentionally discriminated against him by terminating him on the basis of his race and sex. Novant Health denies this charge. It is your responsibility to decide whether Duvall has proven his claims against Novant Health by a preponderance of the evidence.

---

[1] 42 U.S.C. §2000e-2(a)(1); 42 U.S.C. §2000e-3; O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:1(6th Ed. 2011).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

## (Nature of the Claim – North Carolina Equal Employment Practices Act)[2]

The North Carolina Equal Employment Practices Act ("NCEEPA") establishes a public policy that makes it unlawful for an employer to discriminate against any person on account of that person's race or sex.

The plaintiff in this case, Duvall, claims that the defendant, Novant Health, intentionally discriminated against him by terminating him on account of his race and sex. Novant Health denies this charge. It is your responsibility to decide whether Duvall has proven his claims against Novant Health by a preponderance of the evidence.

---

[2] N.C.G.S. § 143-422.2; O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:1(6th Ed. 2011).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

## (Intent)[3]

Duvall must prove by a preponderance of the evidence that Novant Health intentionally discriminated against him in his termination. To demonstrate such an intent to discriminate on the part of Novant Health, Duvall must prove that his race or sex actually motivated Novant Health's decision.[4] Duvall, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

---

[3] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:26 (6th Ed. 2011).
[4] *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004)

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

## (Unfair Treatment Is Not Discrimination)

The question before you is not whether Duvall was treated fairly. The law does not require that employment decisions be "fair." The issue is whether illegal discrimination occurred. If you do not approve of Novant Health's decision to terminate Duvall, that is not grounds for finding in favor of Duvall in this case. If you find that the decision to terminate Duvall was not motivated by his sex or race, you must return a verdict for Novant Health even if you think that Novant Health treated Duvall unfairly or that a different result would have been better.[5]

---

[5] *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230 (4th Cir. 1982).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

## (Same Actor)[6]

If you find the same person who hired Duvall is also one of the people who allegedly discriminated against Duvall, you may consider it inherently inconsistent that an individual who is willing to hire a person who is a member of a protected class will discriminate against that same individual because the person is a member of that class.

---

[6] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:81 (6th Ed. 2011).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### (Elements of Title VII and NCEEPA Claims – Disparate Treatment —Sex and Race Discrimination)[7]

In order for Duvall to establish his claims against Novant Health, he has the burden of proving by a preponderance of the evidence that Novant Health's actions were motivated by his race (Caucasian) or sex (male).

Duvall must prove that Novant Health intentionally discriminated against him. This means that Duvall must prove that his race (Caucasian) or sex (male) was a motivating factor in Novant Health's decision to terminate him.

The mere fact Duvall is a white male and was terminated is not sufficient, in and of itself, to establish his claim under the law.

In proving by a preponderance of evidence that Duvall's race or sex was a motivating factor for his termination action, Duvall is not required to prove that his race or his sex was the sole motivation or even the primary motivation for Novant Health's decision. Duvall must prove that his race or his sex played a motivating part in Novant Health's decision even though other factors may also have motivated Novant Health.

As used in this instruction, Duvall's race or sex was a "motivating factor" if his race (Caucasian) or sex (male) played a role in Novant Health's decision to terminate him. In other

---

[7] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:20 (6th Ed. 2011); MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT §5.1.1 (July 2019 Ed.); *Brewer v. Cabarrus Plastics, Inc.*, 130 N.C.App. 681, 686, 504 S.E.2d 580, 584 (1998) (*citing N.C. Dep't of Corr. v. Gibson*, 308 N.C. 131, 141, 301 S.E.2d 78, 85 (1983) (holding that the North Carolina Supreme Court "has adopted the evidentiary standards and principles developed under Title VII" for state-law wrongful-discharge claims).

words, Duvall's race or sex must have actually played a role in Novant Health's decision making process and had a motivating influence on the outcome.

If you find by a preponderance of evidence that Novant Health's treatment of Duvall was motivated by both discriminatory and lawful reasons, you must decide whether Duvall is entitled to damages. Duvall is not entitled to damages if Novant Health proves that it would have treated Duvall the same even if Duvall's race or sex had played no role in the employment decision.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

## (Sex and Race Discrimination – First Issue - Motivating Factor)[8]

Regarding Duvall's sex and race discrimination claims, the first issue you must decide is as follows:

Do you find from a preponderance of the evidence that Novant Health's decision to terminate Duvall was motivated by Duvall's race (Caucasian) or sex (male)?

On this issue, the burden of proof is on Duvall. This means that Duvall must prove, by the greater weight of the evidence, that Novant Health intentionally discriminated against him on the basis of his race (Caucasian) or sex (male).

If you find that Duvall failed to prove by a preponderance of the evidence that his race (Caucasian) or sex (male) was a motivating factor in Novant Health's decision to terminate him, then you must answer the first issue "no," and find in favor of Novant Health. If you answer this issue "no," then you do not need to proceed to the next issue in this sex and race discrimination claim.

If, on the other hand, you find that Novant Health's decision to terminate Plaintiff was motivated by his race (Caucasian) or sex (male), then you must answer the first issue "yes," and proceed to the next issue in this sex and race discrimination claim.

---

[8] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 171:20 (6th Ed. 2011) (Modified); 640.28 Employment Discrimination--Mixed Motive Case., NC Pattern Jury Inst. - Civ. 640.28.

10

# PROPOSED JURY INSTRUCTION NO. 17

## (Punitive Damages) [9][10]

Duvall claims the acts of Novant Health were done with malice or reckless indifference to Duvall's federally protected rights so as to entitle him to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Duvall and then further find from a preponderance of the evidence:

<u>First</u>: That a higher management official of Novant Health personally acted with malice or reckless indifference to Duvall's federally protected rights, and

---

[9] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Jury Instructions, § 171.94 (6th Ed. 2011).

[10] To be awarded punitive damages under North Carolina law, a plaintiff must prove, by clear and convincing evidence, that malice or willful or wanton conduct was present and was related to the injury for which compensatory damages were awarded. N.C. Gen. Stat. § 1D-15(a)-(b). A separate instruction is not required, however, because a plaintiff may not recover duplicative damages for a single injury. *See Gordon v. Pete's Auto Serv. of Denbigh, Inc*., 637 F.3d 454, 460 (4th Cir. 2011) (citations omitted) (a plaintiff "may not receive a double recovery under different legal theories for the same injury"); *E.E.O.C. v. Waffle House, Inc*., 534 U.S. 279, 297 (2002) (quotation and citation omitted) ("it goes without saying that the courts can and should preclude double recovery by an individual.").

<u>Second</u>: That Novant Health itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against Novant Health, you may consider the financial resources of defendant in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to Duvall's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of defendant's conduct.

2. The amount of time defendant conducted itself in this manner.

3. The amount of compensatory damages.

4. The potential profits defendant may have made from defendant's conduct.

5. The attitudes and actions of defendant's top management after the misconduct was discovered.

6. The effect of the damages award on defendant's financial condition.

# PROPOSED JURY INSTRUCTION NO. 19

## (Verdict Form)

## COUNT 1: Unlawful Sex and Race Discrimination

Do you find from a preponderance of the evidence:

**1. That Duvall has proven that his sex (male) and race (Caucasian) was a motivating factor in Novant Health's decision to terminate him?**
    Answer Yes____ or No____

\*\*\* Note: If you answered "No" to Question 1 you need not answer the remaining questions. Please have your foreperson sign and date this form because you have completed your deliberations on this claim. \*\*\*

**2. That Novant Health has shown that it would have made the same decision concerning Duvall regardless of his sex (male) and race (Caucasian)?**
    Answer Yes____ or No____

\*\*\* Note: If you answered "Yes" to Question 2 you need not answer the remaining questions. Please have your foreperson sign and date this form because you have completed your deliberations on this claim. \*\*\*

# DAMAGES

**If you answered "Yes" to Question No. 1 and "No" to Question No. 2 for Count 1, please answer the following questions:**

**Damages Question No. 1**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff David Duvall for the lost wage damages, if any, you have found Novant Health proximately caused Plaintiff David Duvall?

Answer in dollars and cents, if any

$_____

**Damages Question No. 2:**

Do you find that Plaintiff David Duvall failed to exercise reasonable diligence in seeking, accepting, and maintaining substantially equivalent employment after the date of his termination by Novant Health?

Answer "Yes" or "No"

_____

\*\*\*If you answered "Yes" to Question No. 2, then answer Question No. 3. If you answered "No" to Question No. 2, skip to Question No. 4. \*\*\*

**Damages Question No. 3:**

How much would Plaintiff David Duvall have earned had he exercised reasonable diligence under the circumstances to minimize his damages?

Answer in dollars and cents, if any

$_____

**Damages Question No. 4:**

Do you find that Plaintiff David Duvall should be awarded punitive damages?

Answer "Yes" or "No."

_____

\*\*\* If you answered "Yes" to Question No. 5, then answer Question No. 6. If you answered "No" to Question No. 5, do not answer Question No. 6.  Please have your foreperson sign and date this form because you have completed your deliberations on this claim.  \*\*\*

**Damages Question No. 5:**

What sum of money, if any, should be assessed against Defendant Novant Health as punitive damages?

Answer in dollars and cents:

$_____

_____
                                        Foreperson

Dated: _____

15

Case 3:19-cv-00624-DSC   Document 74   Filed 04/14/21   Page 15 of 17

## CERTIFICATE OF SERVICE

I, S. Abigail Littrell, hereby certify that I have this day electronically filed the foregoing **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person:

S. Luke Largess
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Facsimile: 704.338.1312
Email: llargess@tinfulton.com

Dated this the 14th day of April, 2021.

/s/S. Abigail Littrell
N.C. Bar No. 44331
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.405.3131
Facsimile: 704.342.4379
E-mail: abby.littrell@ogletree.com