IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:19-cv-624

DAVID DUVALL,

                    Plaintiff,

        v.

NOVANT HEALTH, INC.

                    Defendant.

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**1.01 EXPLANATORY:  BEFORE VOIR DIRE**

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

From now until you are discharged from the case, and for those who are selected to try the case, from now until you retire to deliberate on a verdict at the end of the trial, you may not discuss this case with anyone, even the other jurors. You may tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court. If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.

Furthermore, you must not post any information on any social media or a social network, or communicate with anyone about the parties, witnesses, participants, [claims][charges], evidence or anything else related to this case.

After you retire to deliberate on a verdict at the end of the trial, you must discuss the case with only the other jurors. You must not tell anyone else anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence and the law.

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Those of you who are selected for the jury in this case must decide this case based only on the evidence received by the court here in the courtroom and the instructions on the law that I give the jury. Do not do any research -- on the Internet, through social media, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reason for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of the court and punished accordingly.

[Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?] (And then continue with other voir dire.)

## 1.02 EXPLANATORY:  RECESS AT END OF VOIR DIRE

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you. Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

# 1.03 EXPLANATORY: GENERAL; NATURE OF CASE; DUTY OF JURY; CAUTIONARY

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - [whether they are in writing or given to you orally] – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by plaintiff David Duvall against defendant Novant Health, Inc. [Read Statement of Case to Jury] It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

5

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what [I think of the evidence or] I think your verdict should be.

## 1.04 EXPLANATORY:  EVIDENCE; LIMITATIONS

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. [You need to pay close attention when I give an instruction about

Case 3:19-cv-00624-DSC   Document 77   Filed 04/15/21   Page 7 of 29

evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.]

[Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.]

## 1.05 EXPLANATORY: BENCH CONFERENCES AND RECESSES

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

## 1.06 EXPLANATORY:  NO TRANSCRIPT AVAILABLE [NOTE-TAKING]

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

 [If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them ⸻.]

[When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.]

# 1.08 EXPLANATORY:  CONDUCT OF THE JURY

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone tries to talk to you about the case [during the trial], please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you [must] understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you

can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on or use any internet or other medium, including an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or [the judge/me/the court].

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you reduce or limit [avoid at all] reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all.] I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. [I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to [decide it] [return a just verdict].

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other [places] [sources], your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. [If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.]

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

### 1.09 EXPLANATORY:  OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendant may present evidence, and the plaintiff's lawyer will have a chance to cross-examine his witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence.  Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict

## INSTRUCTIONS FOR USE DURING TRIAL
## 2.01 EXPLANATORY:  DUTIES OF JURY; RECESSES

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

## 2.03 EXPLANATORY:  STIPULATED FACTS

The plaintiff and the defendant have stipulated -- that is, they have agreed -- that the following facts are true.

Read Stipulated Facts.

You must, therefore, treat those facts as having been proved.

## 2.04 EXPLANATORY:  JUDICIAL NOTICE

I have decided to accept as proved the following fact[s]: ———————— .

You must accept [(this) (these)] fact[s] as proved.

Comment

An instruction regarding judicial notice should be given at the time notice is taken.

Fed. R. Evid. 201(f), while permitting the judge to determine that a fact is sufficiently undisputed to be judicially noticed, also requires that the jury be instructed that it must accept as conclusive any fact judicially noticed in a civil case.

*See 8th Cir. Crim. Jury Instr.* 2.04 (2014); Kevin F. O'Malley, et al., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS:  Civil § 102.20 (6th ed. 2011); *9th Cir. Crim. Jury Instr.* 2.5 (2010); *9th Cir. Civ. Jury Instr.* 2.3 (2017).  *See generally* Fed. R. Evid. 201; West Key # "Evidence" 1-52.

# 2.09 EXPLANATORY:  EVIDENCE ADMITTED FOR LIMITED PURPOSE

The evidence [(you are about to hear) (you have just heard)] may be considered by you only on the [(issue) (question)] —————— . It may not be considered for any other purpose.

## Committee Comments

Such an instruction is appropriate at the time evidence admitted for a limited purpose is received; for example, when a prior inconsistent statement is admitted, or evidence is admitted of prior similar incidents to prove notice by the defendant of a defect.

With respect to the use of prior inconsistent statements, Fed. R. Evid. 105 gives a party the right to require a limiting instruction explaining that the use of this evidence is limited to credibility.  This instruction is appropriate for that purpose.  Note, however, that the limiting instruction should not be given if the prior inconsistent statement was given under oath in a prior trial, hearing or deposition, because such prior sworn testimony of a witness is not hearsay and may be used to prove the truth of the matters asserted.  Fed. R. Evid. 801(d)(1)(A).

*See infra* Model Instruction 3.03 for additional comments on credibility.  *See 9th Cir. Crim. Jury Instr.* 2.11 (2010); *5th Cir. Civil Jury Instr.* 2.6 (2014); *7th Cir. Civil Jury Instr.* 1.09 (2017); Kevin F. O'Malley, et al., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS:  Civil § 104.42 (6th ed. 2011).

# 2.11 EXPLANATORY: DEMONSTRATIVE SUMMARIES
## NOT RECEIVED AS EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

### Committee Comments

*See 8th Cir. Crim. Jury Instr.* 4.11 (2014); *7th Cir. Civ. Jury Inst.* 1.24 (2017).

*This instruction should be given only where the chart or summary is used solely as demonstrative evidence.* Where such exhibits are admitted into evidence pursuant to Fed. R. Evid. 1006, do *not* give this instruction. For summaries admitted as evidence pursuant to Fed. R. Evid. 1006, *see* Instruction 2.12, *infra*.

Sending purely demonstrative charts to the jury room is disfavored. If they are submitted limiting instructions are strongly suggested. *United States v. Possick*, 849 F.2d 332, 339 (8th Cir. 1988). The court may advise the jury that demonstrative evidence will not be sent back to the jury room.

## 2.12 EXPLANATORY:  FRE RULE 1006 SUMMARIES

You will remember that certain [schedules] [summaries] [charts] were admitted in evidence [as Exhibits __ and __]. You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here.[1] [However, the [accuracy] [authenticity] of those [schedules] [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way they were prepared.][2]

### Notes on Use

1. This instruction is not necessary if a stipulation instruction has been given on the subject.

2. The bracketed portion of this instruction should be given if the accuracy or authenticity has been challenged.

### Committee Comments

*See 8th Cir. Crim. Jury Instr.* 4.12 (2014).  *See generally* Fed. R. Evid. 1006, 1008(c).

## 2.14 EXPLANATORY:  DEPOSITION EVIDENCE AT TRIAL

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered [was recorded in writing and now will be read to you] [was electronically video recorded and that recording now will be played for you]. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. [You should not place any significance on the manner or tone of voice used to read the witness's answers to you.]

### Committee Comments

This instruction should be given when deposition testimony is offered and allowed as substantive evidence. *See* Fed. R. Evid. 801(d)(2), 804(b)(1); FED. R. CIV. P. 32(a). The Committee recommends that this instruction be given immediately before a deposition is read or electronically played to the jury. If a successive deposition is offered into evidence, the court may remind the jury of this instruction instead of repeating the entire instruction.

This instruction should not be used when deposition testimony is used for impeachment purposes only. FED. R. CIV. P. 32(a)(2).

# 3.01 EXPLANATORY:  ADDITIONAL INSTRUCTIONS

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.  [This is true even though I am not going to repeat some of the instructions I gave you [at the beginning of] [during] the trial.]

[You will have copies of [the instructions I am about to give you now] [all of the instructions] in the jury room.

## Notes on Use

1. Optional for use when the final instructions are to be sent to the jury room with the jury. The Committee recommends that practice.

## Committee Comments

*See* Kevin F. O'Malley, *et al*., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS: Civil § 103.01 (6th ed. Supp. 2017). *See generally* West Key # "Criminal Law" 887.

# 3.02 EXPLANATORY:  JUDGE'S OPINION

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.][1]

### Notes on Use

1. Use only if judge has asked questions during the course of the trial.

## 3.03 EXPLANATORY:  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time;[1] whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

[In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.]

### Notes on Use

1.  With respect to the use of prior inconsistent statements, Fed. R. Evid. 105 gives a party the right to require a limiting instruction explaining that the use of this evidence is limited to credibility. Note, however, that such a limiting instruction should not be given if the prior inconsistent statement was given under oath in a prior trial, hearing or deposition, because such prior sworn testimony of a witness is not hearsay and may be used to prove the truth of the matters asserted. Fed. R. Evid. 801(d)(1)(A).

# 3.04 EXPLANATORY:  BURDEN OF PROOF

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved [by the greater weight of the evidence],  if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

## Committee Comments

The phrases that are bracketed are optional, depending upon the preference of the judge. The Committee recognizes that judges may desire to use the burden-of-proof formulation found in the pattern jury instructions adopted by their particular states. If such a burden-of-proof instruction is used, this instruction must be modified accordingly.

If either of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim. [You may find that the plaintiff's (sex) [was a motivating factor] [played a part] in the defendant's (decision) if it has been proved that the defendant's stated reason(s) for its (decision) [(is) (are)] a pretext to hide (sex) discrimination.] [7]

## Notes on Use

1. Model Instruction 3.04 (Burden of Proof) tells the jury that an element is proved only if the jury finds the element is more likely true than not true. The phrase "greater weight of the evidence" is not necessary here. It can be included in Instruction 3.04 if desired by the court.

2. This instruction is designed for use in a discharge case. In a "failure to hire," "failure to promote," or "demotion" case, the instruction must be modified. Where the plaintiff resigned but claims a "constructive discharge," this instruction should be modified.

3. Use the protected classification at issue (race, color, religion, sex, or national origin).

4. The Committee believes that the phrase "motivating factor" should be defined. *See* Model Instruction 5.21.

5. *See* Model Instruction 5.21, which defines "motivating factor" in terms of whether the characteristic "played a part or a role" in the defendant's decision. The phrase "motivating factor" need not be defined if the definition itself is used in the element instruction.

6. This instruction makes references to the defendant's "decision." It may be modified if another term, such as "actions" or "conduct," would be more appropriate.

7. This sentence may be added, if appropriate. *See* Model Instruction 5.20, and *Moore v. Robertson Fire Protection Dist.*, 249 F.3d 786, 790 n.9 (8th Cir. 2001), which states "[w]e do not express any view as to whether it ever would be reversible error for a trial court to fail to give a pretext instruction, though we tend to doubt it."

## Committee Comments

This instruction is designed to submit the issue of liability in "disparate treatment" Title VII cases. Plaintiffs who prevail on the issue of liability will be eligible for a declaratory judgment and attorney fees; however, they cannot recover actual or punitive damages if the defendant shows that it would have made the same employment decision irrespective of any discriminatory motivation. *See* 42 U.S.C. § 2000e-5(g)(2)(B) and Model Instruction 5.01 ("same decision" instruction).

It is unnecessary and inadvisable to instruct the jury regarding the three-step analysis of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See Weber v. Strippit, Inc.*, 186 F.3d 907, 917-18 (8th Cir. 1999); *Gilkerson v. Toastmaster, Inc.*, 770 F.2d 133, 135 (8th Cir. 1985). Accordingly, this instruction is focused on the ultimate issue of whether the plaintiff's protected characteristic was a "motivating factor" in the defendant's employment decision.

## 5.23 DEFINITION: AGENCY

A corporation like Novant Health acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his or her duties as an employee of the corporation.

## 5.02 EXPLANATORY: BUSINESS JUDGMENT

You may not return a verdict for the plaintiff just because you might disagree with the defendant's (decision)[1] or believe it to be harsh or unreasonable.

## 5.40 ELEMENTS OF PLAINTIFF'S CLAIM

It is stipulated by the parties that the defendant, Novant Health, acting through its employees, discharged the plaintiff.

Your verdict must be for plaintiff, David Duvall, and against defendant, Novant Health on plaintiff's claim of reverse gender and race discrimination if Plaintiff has proved that his sex, male, and/or his race, white was a motivating factor[4] or played a part in the defendant's decision to terminate him.

## 5.21 DEFINITION: MOTIVATING FACTOR

You should find that plaintiff's sex, male, and/or race, white,[1] was a "motivating factor" in the decision to terminate if the plaintiff's sex and/or race played a part[2] or a role[34] in the defendant's decision.

The plaintiff's sex and/or race need not have been the only or sole reason for the defendant's decision to discharge the plaintiff so long as it was a motivating factor. In such cases, historically referred to as "mixed-motive" cases, it is sufficient for the individual to demonstrate that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons.

*See* 42 U.S.C.A. § 2000e–2(m); *Price Waterhouse v. Hopkins,* 490 U.S. 228, 241, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004)

You may find that the plaintiff's sex and/or race was a motivating factor or played a part in the defendant's decision if it has been proved that the defendant's stated reasons for its decision were a pretext to hide reverse sex and/or race discrimination.[7]

If Plaintiff has not proved that his sex and/or race was a motivating factor or played a part in the defendant's decision to terminate him, your verdict must be for the defendant and you will Answer Issue No. 1 "no" and need not proceed further in considering this claim.

If you find, however, that Plaintiff's sex and/or race was a motivating factor in his termination, you must answer Issue No. 1 "yes" on favor of plaintiff and then answer Issue No. 2.

Issue No. 2 asks if the defendant has proved that it would have terminated plaintiff even in the absence of the impermissible motivating factor.    The burden of proof on Issue No. 2 is on the defendant.

42 U.S.C.A. § 2000e–5(g)(2)(B). *Hill v. Lockheed Martin Logistics Mgmt., Inc.,* 354 F.3d 277, 284 (4th Cir. 2004)

If defendant has proved to you that it would have terminated plaintiff even in the absence of the improper motivating factor of plaintiff's sex and/or race, then you should answer Issue No. 2 "yes" and take no further action.

If you find, however, that defendant has not proved that it would have fired plaintiff absent the motivating factor of reverse sex and/or race discrimination, then you should answer Issue No. 2 "no" and move to Issue No. 3.

## 5.70 DAMAGES: ACTUAL

If you find in favor of the plaintiff under Issue No. 1[1] and if you answer "no" in response to Issue No. 2[2], then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for the financial loss you find that plaintiff has sustained as a direct result of "the defendant's decision to discharge the plaintiff"]. The plaintiff's claim for damages only includes financial damages.

That is, you must determine the amount of any wages and fringe benefits[3] the plaintiff would have earned in his employment with the defendant if he had not been discharged on July 30, 2018 through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

You are also instructed that the plaintiff has a duty under the law to "mitigate" his damages - that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

## 5.72 DAMAGES: PUNITIVE

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff on Issue No. 1, and if you answer "no" in response to Issue No. 2, then you must decide whether the defendant acted with malice or reckless indifference to the plaintiff's right not to be discriminated against on the basis of his sex and/or race. The defendant acted with malice or reckless indifference if:

it has been proved that Jesse Cureton and David Duvall knew that the termination was in violation of the law prohibiting sex and/or race discrimination, or acted with reckless disregard of that law.

If you find that the defendant acted with malice or reckless indifference to the plaintiff's rights, then, in addition to any other damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendant for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Issue No. 3.[10]

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendant's conduct was.[11] In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendant's wrongful conduct caused the plaintiff and could cause the plaintiff in the future.  You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for its wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.[16]

Case 3:19-cv-00624-DSC   Document 77   Filed 04/15/21   Page 29 of 29