# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:19-CV-00624-DSC

| | | |
|---|---|---|
| DAVID L. DUVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NOVANT HEALTH INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on "Defendant's Proposed Supplemental *Voir Dire*" and "Plaintiff's Proposed Supplemental *Voir Dire*" (document # 75) filed April 14, 2021. The proposed voir dire is <u>granted in part</u> and <u>denied in part</u>.

Jury voir dire "necessarily is committed to the sound discretion of the trial court" because the "determination of impartiality, in which demeanor plays such an important part, is particularly within the province of the trial judge." <u>United States v. Lancaster</u>, 96 F.3d 734, 738 (4th Cir. 1996) (quoting <u>Ristaino v. Ross</u>, 424 U.S. 589, 594–95 (1976). Moreover, "[t]he trial judge is in the best position to make judgments about the impartiality and credibility of potential jurors based on the judge's own evaluations of demeanor evidence and of responses to questions." <u>United States v. Barber</u>, 80 F.3d 964, 967 (4th Cir. 1996). The trial judge is given "ample leeway to formulate the questions to be asked" to evaluate jury bias. <u>United States v. Smith</u>, 919 F.3d 825, 834 (4th Cir. 2019).

The trial court also has discretion to decide whether "to conduct further voir dire." <u>United States v. Grandison</u>, 783 F.2d 1152, 1155 (4th Cir. 1986). Most importantly, the purpose of voir dire is to determine whether a jury can reach a fair and impartial verdict. <u>See id.</u> This is accomplished based "upon determinations of demeanor and credibility that are . . . within a trial judge's province." <u>Wainwright v. Witt</u>, 469 U.S. 412, 428 (1985). Additionally, "litigants do not have a right to have particular questions asked of the jury." <u>James v. Melendez</u>, 567 F.Supp.2d 480, 487 (S.D.N.Y. 2008).

Therefore it is ORDERED that:

1. Defendant's Proposed *Voir Dire* questions 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 29, and 30 are <u>denied</u>.

2. Plaintiff's Proposed *Voir Dire* questions 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 are <u>denied</u>.

3. Defendant's Proposed *Voir Dire* questions 1, 2, 3, 4, 6, 7, 8, 9, 26, and 27 are <u>granted</u> and will be included in a questionnaire that will be sent to potential jurors prior to trial.

4. The remaining proposed *Voir Dire* is <u>granted</u>.

The Clerk is directed to send copies of this Order to counsel for the parties.

**SO ORDERED**.

Signed: June 24, 2021

David S. Cayer
United States Magistrate Judge