IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DAVID DUVALL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:19-cv-624-DSC |
| NOVANT HEALTH, INC., | ) |
| Defendant. | ) |

# EXHIBIT A

## TO

## MEMORANDUM IN SUPPORT OF DEFENDANT NOVANT HEALTH, INC.'S MOTION FOR SANCTIONS

Emails between Largess and Santen

**From:** Luke Largess <luke.largess@tinfulton.com>
**Sent:** Thursday, September 16, 2021 3:29 PM
**To:** Santen, Margaret (Hanrahan) <maggie.Santen@ogletreedeakins.com>
**Cc:** Walker Davidson <wdavidson@tinfulton.com>; Littrell, Abby <abby.littrell@ogletreedeakins.com>; Gift, Elizabeth R. <elizabeth.gift@ogletreedeakins.com>
**Subject:** Re: Duvall v. Novant Health

[Caution: Email received from external source]

Actually, I am not proceeding. After reviewing the case law, I don't think the court would enter any sanction at this time.

S. Luke Largess
Tin Fulton Walker & Owen, PLLC
301 East Park Ave.
Charlotte, NC 28203
704-338-1220, x 231 (office)
███████ (cell)
luke.largess@tinfulton.com

> On Sep 16, 2021, at 3:20 PM, Santen, Margaret (Hanrahan) <maggie.santen@ogletree.com> wrote:
>
> Luke:
>
> It appears from your response below that you will be proceeding with your motion notwithstanding what the evidence actually shows and with notice that the allegations are false. Nonetheless, we are herewith transmitting the declarations to you, which confirm the same.
>
> If you proceed with your motion for sanctions, you can expect our safe harbor motion in short order.
>
> Maggie
>
> **Margaret (Hanrahan) Santen | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
> 201 South College Street, Suite 2300 | Charlotte, NC 28244 | Telephone: 704-405-3119 | Fax: 704-342-4379
> maggie.santen@ogletree.com | www.ogletree.com | Bio
>
>> **From:** Luke Largess <luke.largess@tinfulton.com>
>> **Sent:** Monday, September 13, 2021 9:38 AM
>> **To:** Santen, Margaret (Hanrahan) <maggie.Santen@ogletreedeakins.com>
>> **Cc:** Walker Davidson <wdavidson@tinfulton.com>; Littrell, Abby <abby.littrell@ogletreedeakins.com>; Gift, Elizabeth R. <elizabeth.gift@ogletreedeakins.com>
>> **Subject:** Re: Duvall v. Novant Health

[Caution: Email received from external source]

Please, don't be ridiculous.  You will be getting a motion for sanctions this week.

S. Luke Largess
Tin Fulton Walker & Owen, PLLC
301 East Park Ave.
Charlotte, NC  28203
704-338-1220, x 231 (office)
███████████ (cell)
luke.largess@tinfulton.com


> On Sep 13, 2021, at 9:20 AM, Santen, Margaret (Hanrahan) <maggie.santen@ogletree.com> wrote:
>
> Luke:
>
> I write pursuant to Federal Rule of Civil Procedure ("FRCP") 11 to provide notice that the allegations set forth in your September 9, 2021 Response to Defendant's Motion to Quash Subpoenas [ECF No. 95] ("Response") regarding alleged ethical violations by Mr. Holland violate Rule 11 on its face. As you know, the Court has denied this particular Motion as moot. However, in the event you pursue anything further relating to these baseless and false allegations, or include them in any future filings or motions, Defendant intends to file a Rule 11 motion and pursue appropriate sanctions immediately.
>
> In your Response, you claim that a former Novant employee, Matthias Krebs, was terminated as part of some purported "scheme" to keep him outside the subpoena power of the Court.
>
> In addition to the obvious flaws in your argument, which involves a subpoena that was never properly served in the first place [ECF 93, p.5], you assert that Defendant fired Krebs to prevent him from testifying, "blocking the Court's subpoena jurisdiction over him as a Novant employee." You also allege that "[t]erminating Mr. Krebs to prevent his being subpoenaed to testify for Plaintiff in a trial courtroom in the place where he was 'employed' is a clear violation of 42 U.S.C. 2000e-3(a)." You call Defendant's conduct, which you cannot support with any evidence whatsoever, among other things, "the most reprehensible and unethical act" you have ever seen "in 31 years of practice."
>
> Your allegations are false and plainly violate nearly every aspect of Rule 11.  As you are no doubt aware, "[b]y presenting  to the court a pleading … an attorney … certifies that to the best of the person's knowledge, information and belief, *formed after an inquiry reasonable under the circumstances*:
>
>> (1)  It is not being presented for any improper purpose, such as to *harass, cause unnecessary delay, or needlessly increase the cost of litigation*;
>> …

> (3) The factual contentions have *evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…"*

FRCP 11(b) (emphasis added). Your Response, on its face, shows you cannot satisfy either element of Rule 11 here. First, the allegations were asserted for an improper purpose. The declaration you attach includes scores of irrelevant statements, including "evidence" the court has already barred multiple times now --through granting Defendant's Motion in Limine, denying your multiple attempts to reargue the Motion in Limine at the pre-trial conference, and when recently denying your Motion for Reconsideration. This includes Mr. Krebs' statement in Paragraph 18 that he was concerned he would be terminated as well because Mr. Duvall was reportedly terminated during a time when white men were being terminated and replaced by diverse employees. Your attempt to present twenty-fifth hour testimony by Mr. Krebs in support of Mr. Duvall's case through a declaration attached to a Response to a Motion to Quash is patently improper.

More importantly, noticeably lacking from the declaration is any evidence from Mr. Krebs that he believes his termination was due to his conversation with Mr. Holland, Ms. Staley, his subpoena, or his proposed testimony. And for good reason. Even Mr. Krebs cannot leap to this conclusion in a sworn declaration because there is no proof at all to support it. Instead, you assert, as fact, that Mr. Holland and Ms. Staley had Mr. Krebs fired to prevent him from testifying, **despite that neither Mr. Holland nor Ms. Staley even knew Mr. Krebs was terminated until receiving your Response—an undisputed fact that will be set forth in sworn declarations as needed. Similarly, the relevant decision-makers for Krebs' termination were completely unaware of the subpoena or the content of Mr. Krebs' discussion with Mr. Holland or Ms. Staley, another indisputable fact that can be supported by declarations**.

Further, your allegation that Mr. Krebs was terminated "to prevent his being subpoenaed to testify for Plaintiff in a trial courtroom," in addition to being false and unsupported, is unrelated to any argument Defendant has ever made. Defendant has never taken the position that Plaintiff's ability to belatedly subpoena Krebs somehow hinges upon the identity of his employer, [ECF 93], let alone conspired to terminate an employee in support of that unasserted legal argument.

While I know you and I have not had occasion to correspond directly much on this case to date, I sincerely hope this email is the last correspondence we have on this issue. If not, we will be prepared to send you the safe harbor motion.

Thank you.

-Maggie
**Margaret (Hanrahan) Santen | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
201 South College Street, Suite 2300 | Charlotte, NC 28244 | Telephone: 704-405-3119 | Fax: 704-342-4379
maggie.santen@ogletree.com | www.ogletree.com | Bio

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

3

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

<D. Kate Forbes Decl. and Ex. 1.PDF><Hauser Declaration and Exhibits 1-3.PDF><L. Smith Declaration and Exs. 1 & 2.PDF>