PLAINTIFF'S
EXHIBIT

**107R**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DAVID DUVALL,       )
            )
Plaintiff,         )
            )
v.            )   C.A. No. 3:19-cv-00624-DSC
            )
NOVANT HEALTH, INC.,    )
            )
Defendant.        )
            )
_____)

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Novant Health, Inc. ("Defendant" or "Novant Health"), by and through its counsel, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and further responds to Plaintiff David Duvall's ("Plaintiff") First Set of Interrogatories and Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

Defendant incorporates each of the following general objections into its responses to Plaintiff's individually-numbered Interrogatories and Requests for Production of Documents below:

1.  Defendant objects to Plaintiff's Interrogatories and Requests for Production to the extent they seek information, documents, or communications that are protected from discovery under the attorney-client privilege, the work product doctrine, or any other privilege cognizable under federal or state law.

1

2.     Defendant objects to Plaintiff's Interrogatories and Requests for Production, including the accompanying instructions and definitions, to the extent they purport to place a different or higher burden on Defendant than that imposed by the Federal Rules of Civil Procedure. Defendant will respond to Plaintiff's discovery requests in accordance with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and will not respond or provide information to the extent that doing so would exceed the requirements of those rules.

3.     Defendant objects to Plaintiff's Interrogatories and Requests for Production to the extent they seek information which is protected from disclosure pursuant to any state or federal law, rule, or regulation.

4.     Defendant objects to Plaintiff's Interrogatories and Requests for Production to the extent they seek information constituting proprietary, personal, and/or confidential information, including information concerning non-parties.

5.     Defendant objects to Plaintiff's Interrogatories and Requests for Production to the extent they are overly broad, unduly burdensome, vague or ambiguous, and/or call for irrelevant information.

6.     Defendant responds to Plaintiff's Interrogatories and Requests for Production subject to any and all objections to competence, relevance, or other grounds that would require exclusion of such statement if made by a witness present and testifying in court.

7.     No incidental or implied admissions are intended by the following responses.  The fact that Defendant responds or objects to any Interrogatory or Request for Production should not be taken as an admission that Defendant accepts or admits the existence of any facts assumed by such Interrogatory or Request for Production or that such answer or objection constitutes admissible evidence as to any such assumed facts.  The fact that Defendant responds to part of or

all of any Interrogatory or Request for Production is not intended to be and shall not be construed as a waiver by Defendant of any part of any objection to any Interrogatory or Request for Production.

8.     The inadvertent production of any privileged or confidential documents or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Defendant's right to object to the use of any document, or the information contained therein, during any subsequent proceeding.

9.     Defendant's responses to Plaintiff's Interrogatories and Requests for Production are based on the current knowledge and belief of Defendant, subject to the general and specific objections set forth herein.  Defendant reserves the right to supplement or amend its responses as necessary.

10.    By these responses, Defendant does not intend to limit its use of any additional information that it may subsequently obtain during the course of discovery and further investigation.

11.    Defendant's responses, and any enclosed documents, are provided solely for the purpose of and in relation to this lawsuit.

Subject to and without waiving these general objections and any specific objections set forth for each Interrogatory and Request for Production, Defendant provides the following supplemental responses:

3

## RESPONSES TO INTERROGATORIES

1.      Identify the persons who made the decision to terminate Plaintiff and, for each person identified, describe the role of the person in reaching that termination decision.

**ANSWER:**

**Jesse Cureton made the decision to terminate Plaintiff's employment in consultation with Human Resources.**

2.      Describe every reason for the termination.

**ANSWER:**

**Plaintiff was terminated because he was not performing his job up to the level required of an executive in his position.  Plaintiff consistently delegated integral responsibilities to his subordinates and, as a result, his subordinates assumed many of his responsibilities.  For example, following an instance where Plaintiff froze during a presentation to Novant Health's parent board among others, Plaintiff began consistently delegating speaking opportunities to his subordinates, contributing to an internal loss of confidence in Plaintiff's ability to perform in his role.**

**Additionally, as Novant Health began to increasingly focus on improving consumer experience, the organization needed a transformative leader in its top marketing role who could demonstrate enterprise leadership, including developing partnerships with other leaders to achieve these goals.  Mr. Cureton specifically counseled Plaintiff on the importance of engaging with Novant Health leadership for this reason.  Despite Mr. Cureton's counseling, Plaintiff delegated related responsibilities to his subordinate, Kati Everett.  It became apparent that Plaintiff lacked the skill set necessary to lead the marketing team in the desired direction.**

4

3.     Identify every person who raised or attempted to address with Plaintiff any of the reasons you have identified for his termination, stating the issue or concern the person tried to address with Plaintiff, when any communication about the issue took place, and whether it was raised in person verbally or in writing.

**ANSWER:**

**Defendant objects to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome in that it requests identification of "every person" who raised or even "attempted" to address any of the termination reasons identified at any time, including detailed information such as identification of the "issue or concern" raised, whether it was raised verbally or in writing, and when "any communication about the issue took place." Defendant cannot possibly identify every verbal conversation in which *anyone* at Novant Health may have discussed any of the reasons leading to Plaintiff's termination with Plaintiff during his employment. Additionally, this information is equally available to Plaintiff.**

**Subject to and without waiving these objections, Defendant responds as follows: Approximately a year and a half prior to his termination, Mr. Cureton verbally counseled Plaintiff regarding the importance of taking advantage of opportunities to speak before the executive team and encouraged him to take advantage of the same. Mr. Cureton also verbally coached Plaintiff about the importance of engagement and developing partnerships with Novant Health's leadership, including approximately a month to forty-five days before his termination. Mr. Cureton also encouraged Plaintiff to "provide strategic leadership and stay engaged" in his last leader performance check-in.**

4.     Identify the reason why Plaintiff was fired on the date in question and state whether than reason for the timing was memorialized in any manner.

5

**ANSWER:**

**Defendant objects to Interrogatory No. 4 to the extent it calls for information protected by the attorney-client privilege and/or the work product doctrine.**

**Subject to and without waiving this objection, Defendant responds as follows: After Mr. Cureton discovered that Plaintiff disregarded his feedback and encouragement to develop partnerships with leaders within Novant Health in order to improve patient experience and delegated that responsibility to Plaintiff's subordinate, Kati Everett, Mr. Cureton decided to move forward with Plaintiff's termination.**

5. State what Plaintiff's incentive pay would have been for 2018 if he had not been terminated and had remained employed through the date required for incentive pay eligibility.

**ANSWER:**

**Defendant objects to Interrogatory No. 5 on the grounds that it calls for identification of what Plaintiff's incentive pay "would have been" in 2018 "had he not been terminated," which is vague and calls for speculation.**

**Subject to and without waiving these objections, Defendant responds as follows: Had Plaintiff been employed throughout the fiscal year and met all prerequisites to earn annual incentive compensation, Plaintiff would have been eligible to receive a portion of his potential target annual incentive pay of $161,070 based on his attainment of individual goals over the course of the year and leader scores. Plaintiff's long-term incentive award for the 2016-2018 cycle, if earned, would have been $71,016.11.**

6. State what happened to the funds in Plaintiff's 457(f) plan after his termination, including whether they reverted to a specific account or to benefit another person or to a general operating fund.

6

**SUPPLEMENTAL ANSWER:**

Defendant objects to Interrogatory No. 6 on the grounds that it asks Defendant to describe "what happened" to the funds in "Plaintiff's 457(f) plan" without further instruction, which is vague. Defendant further objects to Interrogatory No. 6 as it seeks irrelevant information.

Subject to and without waiving these objections, Defendant responds as follows: The funds in Plaintiff's 457(f) account did not reach the vesting date, so they went to the plan forfeiture account on June 26, 2019. The funds in the forfeiture account can be used by Novant Health to fund other accounts as needed on an ongoing basis.

7.      State what Plaintiff's base salary and incentive pay were separately for 2017.

**ANSWER:**

Defendant objects to Interrogatory No. 7 on the ground that the terms "base salary" and "incentive pay" are vague and undefined.

Subject to and without waiving this objection, Defendant responds as follows: Plaintiff's 2017 earnings are listed in the chart below:

| | |
|---|---|
| **Regular Pay** | **$347,401.67** |
| **Scheduled PTO- Exempt** | **$44,447.71** |
| **Tier Bonus** | **$161,400.25** |
| **Flex Credits-Medical** | **$14,718.86** |
| **Flex Credits LTD** | **$1,848.08** |
| **Flex Credits - Life** | **$357.28** |
| **Flex Credits Dental** | **$290.94** |
| **Supp Retirement 457f** | **$15,530.99** |
| **Long Term Incentive Program** | **$81,685.44** |
| **Executive Benefit** | **$10,000.00** |
| **Non Taxable Empl Reimbursement** | **$10,866.72** |

8.     Identify the person(s) who replaced Plaintiff after his termination, providing the name, race, gender and the responsibilities assumed from Plaintiff's prior duties.

**ANSWER:**

- **Kati Everett, a white female, continued to be responsible for all internal and external communication activities for Novant Health following Plaintiff's termination. Ms. Everett was later promoted to the position of Chief PR and Communications Officer, where she continued to perform these duties.**

- **Tammy Jones, an African-American female, and the Vice-President of Marketing, assumed responsibility for the strategic direction of Novant Health's marketing activities and acted as the interim Senior Vice-President of Marketing following Plaintiff's termination and prior to the hiring of Vicky Free.**

- **Vicky Free, an African-American female, was hired as the Chief Marketing Officer. Ms. Free is responsible for the strategic direction of all Novant Health's marketing activities.**

9.     ███████████████████████████████████

██████████████████

▪ ████████████████

▪ ██████████████

▪ ████████████

▪ ██████████

▪ ██████████

▪ ██████████

▪ ███████████

8

**ANSWER:**

█████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

10.    ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

9



11. ████████████████████████████████████████

████████████████████████████████████

███████

████████████████████████████████████████

███████

12.     Identify every recognition or award or incentive payment that Carl Amato has received for the progress Defendant has made in increasing diversity in its management ranks.

**SUPPLEMENTAL ANSWER:**

**Defendant objects to Interrogatory No. 12 on the ground that it is overly broad, unduly burdensome in proportion to the needs of this case, seeks irrelevant information, and is not reasonably limited in time, scope, or relation to the facts at issue in this lawsuit in that it requests identification of "every recognition or award or incentive payment" received by Carl Amato over an unlimited time period for unspecified "progress Defendant has made in increasing [unspecified] diversity" in its undefined "management ranks," which is also vague.**

**Subject to and without waiving these objections, Defendant responds as follows: Carl Amato has not received a "diversity bonus." Further, Mr. Amato's compensation, incentive**

or otherwise, was not based on any effort to increase diversity[1] in "management ranks" during Plaintiff's employment or at the time of his termination.  Mr. Amato did not receive any awards for the progress Defendant has made in increasing diversity in its management ranks from 2015 (as limited by Plaintiff's counsel's e-mail from April 6, 2020) to the date of Plaintiff's termination.

13.     Identify every recognition or award or incentive payment that anyone else has received for the progress Defendant has made in increasing diversity in its management ranks.

**SUPPLEMENTAL ANSWER:**

Defendant objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome in proportion to the needs of this case, seeks irrelevant information, and is not reasonably limited in time, scope, or relation to the facts at issue in this lawsuit in that it requests identification of "every recognition or award or incentive payment" received by "anyone else" – whether or not employed by Novant Health – over an unlimited time period for unspecified "progress Defendant has made in increasing [unspecified] diversity" in its undefined "management ranks," which is also vague.

Subject to and without waiving this objection, Defendant responds as follows:  Novant Health executives have not received "diversity bonuses."  Further, executive compensation, incentive or otherwise, was not based on any effort to increase diversity[2] in "management ranks" during Plaintiff's employment or at the time of his termination.

From 2015 (as limited by Plaintiff's counsel's e-mail from April 6, 2020) to the date of Plaintiff's termination, the following Novant Health team members received awards

---

[1] This term is undefined in Plaintiff's interrogatory, though Defendant assumes given the nature of this lawsuit that Plaintiff is inquiring about racial or gender-based diversity and responds accordingly.

[2] This term is undefined in Plaintiff's interrogatory, though Defendant assumes given the nature of this lawsuit that Plaintiff is inquiring about racial or gender-based diversity and responds accordingly.

11

related to diversity and inclusion generally. Novant Health, however, cannot read the minds of third parties and, therefore, makes no representation that the following awards were provided "for the progress Defendant has made in increasing [unspecified] diversity in its management ranks."

- In 2015, Kevin J. Price was honored by Diversity MBA Magazine as "Top 100 under 50 Diverse Executive & Emerging Leaders."

- In 2016, Sharon Nelson, Women's BRG Leader, won the Leadership Award at the In Good Company event.

- In 2016, Tanya Blackmon was recognized by Becker's Hospital Review as one of 15 nationwide hospital and health system chief diversity officers to know.

- In 2017, six Novant Health team members were recognized as the Top 100 Under 50 Diverse Leaders by Diversity MBA, including:
  - Karyn O'Brien-Flannagan, PsyD, Senior Director of Behavioral Health, Novant Health, UVA Health System;
  - Martha Bergstedt, MBA, Sr. Director of Strategic Sourcing, Novant Health;
  - Nick Sullivan, MHA, Vice President, Neurosciences, Novant Health;
  - Panissa Caldwell, MHA, Director of Clinical Services, Novant Health;
  - Ray Feaster, MD, NHICS Medical Director, Novant Health; and
  - Shannon Swiger, MBA, Manager of Internal Communication, Novant Health.

- In 2018, four Novant Health team members were recognized in the Top 100 Under 50 Diverse Leaders by Diversity MBA, including:

- Ashleigh Hargrave, MBA, Director of Women's Health and Wellness, Novant Health;

- Cedric Terrell, Pharm.D., MHA, Senior Vice President, Pharmacy, Novant Health;

- Lina Varela-Gonzalez, MBA, Director of Nursing, Novant Health; and

- Nikki Nissen, MSN, Chief Nursing Officer, Sr. Director NHMG, Novant Health.

14. Identify every recognition or award that Defendant has received for the progress it has made in increasing diversity in its management ranks.

**SUPPLEMENTAL ANSWER:**

**Defendant objects to Interrogatory No. 14 on the grounds that it calls for identification of "every recognition or award" Defendant has received over an unlimited time period for unspecified "progress it has made in increasing [unspecified] diversity in its management ranks" which is vague, overly broad, and unduly burdensome in proportion to the needs of this case (particularly given Plaintiff's expansive definition of Defendant in the instructions), seeks irrelevant information, and is not reasonably limited in time, scope, or relation to the facts at issue in this lawsuit.**

**Subject to and without waiving this objection, Defendant responds as follows: From 2015 (as limited by Plaintiff's counsel's e-mail from April 6, 2020) through the date of Plaintiff's termination, Novant Health or its subsidiaries or affiliates received the following awards related, generally, to diversity and inclusion in various respects. Novant Health, however, cannot read the minds of third parties and, therefore, makes no representation that**

13

the following awards were provided "for the progress Defendant has made in increasing [unspecified] diversity in its management ranks."

- In 2015, Novant Heath received the Mechanics and Farmers Bank Founders Award for principles that include diversity;

- In 2015, Novant Health Huntersville Medical Center received the Corporate Champions of Diversity Award;

- Novant Health was recognized among the "50 Out Front: Best Companies for Women & Diverse Managers to Work" by Diversity MBA Magazine for 2015;

- In 2016, HRC Healthcare Equality Index Report recognized Novant Health Forsyth Medical Center, Novant Health Matthews Medical Center, and Novant Health Presbyterian Medical Center as leaders in LGBTQ healthcare;

- In 2017, HRC Healthcare Equality Index Report recognized 13 Novant Health facilities as "Leaders in LGBTQ Healthcare Equality;"

- Novant Health was Ranked No. 4 by Diversity MBA Magazine's "50 Out Front Companies for Diversity Leadership: Best Places for Women & Diverse Managers to Work" for 2017. Novant Health was also recognized in the Top 10 Best in Class Categories for: Recruitment, Representation, Succession Planning and Accountability;

- Novant Health's Latino/Hispanic BRG was selected by PRISM International and the Association of ERGs & Councils to receive the 2017 Spotlight Impact award;

- In 2017, Novant Health was awarded "Best Overall Project" by the Disparities Leadership Program faculty;

14

- **In 2018, HRC Healthcare Equality Index Report recognized 14 Novant Health facilities as "Leaders in LGBTQ Healthcare Equality;"**

- **Novant Health was Ranked No. 11 by Diversity MBA Magazine's "50 Out Front Companies for Diversity Leadership: Best Places for Women & Diverse Managers to Work" for 2018.  Novant Health was recognized in the Top 10 Best in Class Categories for: Recruitment, Succession Planning, Accountability & Workplace Inclusion & Retention;**

- **In 2018, Forbes ranked Novant Health No. 83 on its annual ranking of the Best Employers for Diversity;**

- **In 2018, Novant Health was one of the first healthcare systems to receive the Centers for Medicare and Medicaid Services (CMS) Health Equity Award.**

## <u>DOCUMENT PRODUCTION REQUESTS</u>

1.      Every document identified in your Rule 26(a)(1) Initial Disclosures.

**SUPPLEMENTAL RESPONSE:**

**Defendant objects to Request No. 1 to the extent it requests documents protected from disclosure under the attorney-client privilege and/or the work product doctrine and to the extent it calls for documents outside of Defendant's possession, custody, or control.**

**Subject to and without waiving these objections, Defendant responds as follows: Plaintiff's personnel records, documents related to Plaintiff's compensation, documents regarding Plaintiff's administrative charge with the EEOC, Defendant's 2015 Executive Severance Policy, and documents received in response to the subpoena Defendant served on Henry Ford Health System are being produced.  Finally, Defendant is producing all non-privileged documents in its possession and located to date relating to Plaintiff's performance,**

15

responsibilities, or termination. Plaintiff's personnel file is being produced as Novant-000796 to Novant-000854. Plaintiff's individual annual goals for 2017 and 2018 are being produced as Novant-001032 to Novant-001047.

2. A copy of every document pertaining to or showing the reasons for the decision to terminate Plaintiff, including any communications between the decision-makers involved about the reasons for terminating Plaintiff and/or the timing of the termination.

**RESPONSE:**

**Defendant objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably limited in time, scope, or relation to the facts at issue in this case as it seeks "every document" showing or even "pertaining to" the reasons for, or timing of, Plaintiff's termination without further limitation. Defendant further objects to the extent that this Request seeks information not within its possession, custody, or control. Finally, Defendant objects to this Request to the extent it seeks information subject to the attorney-client privilege and/or the work product doctrine.**

**Subject to and without waiving these objections, Defendant responds as follows: Plaintiff's 2018 leader performance check-in and non-privileged communications related to Plaintiff's performance and/or termination are being produced.**

3. A copy of the compensation plan for all Executive Team members, including Carl Amato and Jesse Cureton, for each of the last four years, including any and all short-term or long-term incentive plans, and any incentives tied to improving diversity in management ranks.

**SUPPLEMENTAL RESPONSE:**

16

Defendant objects to Request No. 3 on the grounds that it requests documents over a four year period, including years after Plaintiff's termination from employment, which is overly broad and not reasonably limited in time to the period relevant to Plaintiff's claims, and is also unduly burdensome in proportion to the needs of this case to the extent it seeks the compensation plan for "all" Executive Team members. Defendant also objects to this Request because it calls for irrelevant information and to the extent it seeks information equally available to Plaintiff via the Internet.

Subject to and without waiving these objections, Defendant responds as follows: Novant Health, Inc.'s 2017 and 2018 Form 990s are being produced. These items, in addition to other detailed information describing leadership compensation at Novant Heath, can be located on Novant Health's website at www.novanthealth.org/home/about-us/company-information/financial-profile/executive-compensation.aspx. As to Plaintiff's request for any "incentives tied to improving diversity in management ranks," please see Defendant's responses to Interrogatory Nos. 12 and 13. Novant Health's executive incentive pay policies, both annual and long-term, applicable to Plaintiff in place from 2018 to the date of Plaintiff's termination were produced. Novant Health's goals for the annual and long-term incentive plans for 2018 are being produced, subject to the Consent Protective Order applicable to this case, as Novant-001048 to Novant-001052.

4.      A copy of the Press Ganey Team Member Engagement Survey results for each year since 2015 for each person employed as Senior Vice President or higher, specifically including but not limited to Dr. Carl Amato, Jesse Cureton, Plaintiff, Dr. Thomas Zweng, Peter Brunstetter, Dr. Andy Mueller, Dave Garrett, Dr. John Phipps, and Amy Vance, and also including former Vice President, Sean Keyser.

17

**SUPPLEMENTAL RESPONSE:**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

Subject to and without waiving these objections, Defendant responds as follows with respect to Plaintiff:  Plaintiff's 2018 Press Ganey scores are being produced as Novant-000855 to Novant-000858.  Plaintiff's Press Ganey scores for 2015-2017 are listed below, as the official view with the Press Ganey logo is not available for years prior to 2018.

| David Duvall Team Survey Information | | | | | |
|---|---|---|---|---|---|
| One Ask Survey Year | Engagement Score | Engagement Novant Overall | Versus Novant Overall | Tier | APR |
| 2015* | 4.43 | 4.10 | 0.33 | 1 | 83 |
| 2016 | 4.51 | 4.08 | 0.43 | 1 | 96 |
| 2017* | 4.71 | 4.24 | 0.47 | 1 | 95 |
| 2018* | 4.58 | 4.32 | 0.26 | 1 | 93 |

* Direct Reports


5.    ████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████

**RESPONSE:**

18



**Subject to and without waiving this objection, Defendant responds as follows with respect to Plaintiff: Plaintiff was a high-ranking executive for Novant Health and was not generally provided any documented "performance warnings" as that term is commonly understood, although Mr. Cureton provided performance counseling to Plaintiff as discussed in Defendant's responses to Plaintiff's First Set of Interrogatories, including documented performance feedback on Plaintiff's 2018 leader performance check-in.**

7. ██████████████████████████████████████

████████████████████████████████████████████

███████████

█████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████

█████████████████████████████████████████

████████████████████████████████████

8.     A copy of Plaintiff's personnel file, including a record of his salary history showing by year all base salary paid, all incentive salary paid, and all contributions to any retirement plans or deferred compensation plans, including any so-called 457(f) plan.

**SUPPLEMENTAL RESPONSE:**

20

Defendant objects to Request No. 8 on the ground that the phrase "so-called 457(f) plan" without further definition is vague and to the extent Plaintiff purports to dictate the types of records contained in a personnel file.

Subject to and without waiving this objection, Defendant responds as follows: Plaintiff's personnel documents and documents reflecting Plaintiff's compensation are being produced. Plaintiff's personnel file is being produced as Novant-000796 to Novant-000854.

9.      A copy of any documentation of or communication about or pertaining to any performance concern regarding Plaintiff, whether or not provided to him, during his employment, including any communications about difficulties with public speaking.

**RESPONSE:**

Defendant objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome in proportion to the needs of this case, and is not reasonably limited in time, scope, or relation to the facts at issue in this case, as it seeks "any documentation of or communication about" or even "pertaining to" "any" performance concern regarding Plaintiff during his employment without further limitation. Defendant also objects to this Request to the extent it seeks information subject to the attorney-client privilege and/or work product doctrine.

Subject to and without waiving this objection, Defendant responds as follows: Plaintiff's 2018 leader performance check-in is being produced.  Defendant's position statement to the EEOC, which discusses Plaintiff's performance and termination is also being produced.

10.      ████████████████████████████████████████

████████████████████████████████████████████████



11.

12.     A copy of the Executive Severance Plan in place at the time of Plaintiffs hire, including its effective date.

**RESPONSE:**

**Defendant objects to Request No. 12 on the ground that it seeks irrelevant information.**

**Subject to and without waiving this objection, Defendant responds as follows: Novant Health's 2013 executive severance policy is being produced.**

13.     A copy of every Executive Severance Plan that has been adopted or used by Defendant since 2010, with a record of the effective date of each such Plan.

**RESPONSE:**

**Defendant objects to Request No. 13 on the ground that it seeks irrelevant information and is not reasonably limited in time, scope, or relation to the facts at issue in this case as it seeks "every" Executive Severance Plan that has been adopted by Novant Health since 2010, years before and after Plaintiff was even employed by Novant Health. Defendant further objects to Request No. 13 as it is cumulative and duplicative of Request No. 12.**

**Subject to and without waiving these objections, Defendant responds as follows with respect to executive severance policies during Plaintiff's employment: Novant Health's 2013 and 2015 executive severance policies are being produced.**

14.     ████████████████████████████████████████████

████████████████████████████████████████████

██████

          ████████████████████████████ :

23



15.     All records of the disposition of the funds in Plaintiffs 457(f) plan after he was terminated, including a record of its market value at the time of termination and a record of how the funds were disbursed or used or applied by Defendant after Plaintiff forfeited his interest in the funds due to his termination.

**RESPONSE:**

**Defendant objects to Request No. 15 on the ground that it seeks irrelevant information.**

**Subject to and without waiving these objections, Defendant responds as follows: Novant Health's Retirement Plus Wrap Non-Qualified 457(b)(f) plan explanation and 457(f) account statement are being produced.**

15.     All similar records for the 457(f) accounts of Dr. Thomas Zweng, Peter Brunstetter, Andy Mueller, Dave Garrett, John Phipps, Amy Vance, and Sean Keyser, showing the market

---

[3] Thomas Zweng and Dave Garrett received severance pursuant to an Executive Severance Agreement (ESA). ESAs were entered into with certain executives up until about 2013.

24

value of their account at the time of separation and showing how the funds were disbursed, used or applied by Defendant, or if the funds were distributed to the respective former employee.

**RESPONSE:**

**Defendant objects to the second Request No. 15[4] on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably limited in time, scope, or relation to the facts at issue in this case as it seeks "[a]ll similar records for the 457(f) accounts" of multiple individuals who are not parties to this lawsuit over an unlimited time period, without further limitation. Defendant further objects to this Request as it seeks confidential personal information for individuals who are not parties to this lawsuit and who are not similarly situated to Plaintiff and to the extent that it seeks documents that are not in Defendant's possession, custody, or control. Defendant further objects to the extent this Request calls for documents protected from disclosure under the attorney-client privilege and/or the work product doctrine.**

16.   Any records, since 2017, showing the date within a year or subsequent year to which an Executive must remain employed in order to receive incentive pay for that year. For example, any records showing that an Executive is eligible for incentive pay for a given year only if he or she remained employed through December 31 of that year, or February 28 of the following year, or some other designated date.

**RESPONSE:**

**Defendant objects to the second Request No. 16 on the ground that it seeks production of "any records" since 2017 "showing the date within a year or subsequent year to which an Executive must remain employed in order to receive incentive pay for that year," which is**

---

[4] Plaintiff labeled this request as Request No. 15, although it is actually Plaintiff's 16th Request. For ease of reference, Defendant will refer to each of Plaintiff's requests by the label provided by Plaintiff.

25

vague, overly broad, unduly burdensome, and seeks irrelevant information. Defendant further objects to the extent this Request calls for documents protected from disclosure under the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these objections, Defendant responds as follows: Novant Health's incentive pay policies applicable to Plaintiff in place from 2017 to the date of Plaintiff's termination are being produced.

17. ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████

**RESPONSE:**

████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████ ███████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████ ██████████████████████████████████████
█████████████████ ████████████████████████████████████
████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████

18.     Any records showing the composition of the management team by race or ethnicity, and by gender for each year from 2015 to the present for each of the following subgroups of management.

      a.     The Executive Team

      b.     Senior Vice Presidents

      c.     Vice Presidents

**SUPPLEMENTAL RESPONSE:**

**Defendant objects to Request No. 18 on the ground that the production of records relating to "the composition" of an undefined management team by race, ethnicity, or gender from 2015 to the present is vague, overly broad, unduly burdensome in proportion to the needs of this case, is not reasonably limited in time or scope, and seeks irrelevant information. Defendant further objects to the extent this Request calls for documents protected from disclosure under the attorney-client privilege and/or the work product doctrine.**

**Subject to and without waiving these objections, Defendant responds as follows: Documents showing the composition of leadership positions by gender from 2015 to the time of his termination are being produced as Novant-001053 to Novant-001054. We will supplement with more in this regard.**

19.     Any and all documents since 2015 showing any goals or aspirations or desire to increase the representation of any racial or ethnic or gender group on Defendant's management team, or showing any progress or lack of same in achieving such goals.

**SUPPLEMENTAL RESPONSE:**

**Defendant objects to Request No. 19 on the ground that it is overly broad, vague, unduly burdensome in proportion to the needs of this case, is not reasonably limited in time or scope, and seeks irrelevant information including "any and all documents" showing "any goals or aspirations or desire to increase the representation of *any* racial or ethnic or gender group on Defendant's unspecified management team or "showing any progress or lack of the same in achieving such goals" since 2015. Defendant further objects to Request No. 19 to the extent that it seeks information subject to the attorney-client privilege and/or work product doctrine.**

**Subject to and without waiving these objections, Defendant responds as follows: Documents from 2015 to the date of Plaintiff's termination relating to Novant Health's diversity and inclusion efforts, including but not limited to, opportunities to increase representation in leadership roles are being produced as Novant-000925 to Novant-000967.**

20. Any and all presentations made to the Board of Directors of Defendant since 2015 pertaining to the issue of Diversity and Inclusion in the management of Defendant, including any proposed mission statements on Diversity and Inclusion, any statistical information or other reports on the potential or actual positive impacts for Defendant from increasing Diversity and Inclusion, reports on any progress being made increasing diversity, and/or reports to the Board of recognition received from others for Defendant's progress in promoting Diversity and Inclusion.

**SUPPLEMENTAL RESPONSE:**

**Defendant objects to Request No. 20 on the ground that the production of "any and all presentations" made to the Board of Directors of Defendant since 2015 "pertaining to the issue of Diversity and Inclusion" in the "management of Defendant" including "any**

proposed mission statements on Diversity and Inclusion," "any statistical information or other reports on the potential or actual positive impacts for Defendant from increasing Diversity and Inclusion," "reports on any progress being made increasing diversity," and "reports to the Board of recognition received from others for Defendant's progress in promoting Diversity and Inclusion" is overly broad, unduly burdensome in proportion to the needs of this case, is not reasonably limited in time or scope, and seeks irrelevant information. Defendant further objects to Request No. 20 to the extent that it seeks information subject to the attorney-client privilege and/or work product doctrine.

Subject to and without waiving this objection, Defendant responds as follows: Presentations made to the board relating to Novant Health's diversity and inclusion efforts, including but not limited to, opportunities to increase representation in leadership roles from 2015 to the date of Plaintiff's termination are being produced as Novant-000934 to Novant-000967.

21. Records of any and all awards and recognition received by Defendant for promoting diversity and inclusion or for increasing the representation of minorities or women in management.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to Request No. 20 on the ground that the production of records of "any and all awards and recognition" received by Defendant "for promoting diversity and inclusion" or "for increasing the representation of minorities or women in management" over an unlimited time period is overly broad, unduly burdensome in proportion to the needs of this case (especially considering Plaintiff's expansive definition of "Defendant"), is not reasonably limited in time or scope, and seeks irrelevant information. Defendant further

objects to Request No. 21 to the extent that it seeks information subject to the attorney-client privilege and/or work product doctrine.

Subject to and without waiving this objection, Defendant responds as follows: To the extent that any of the awards identified in Interrogatories 13 and 14 also included a certificate or written award Defendant will produce those documents subject to its stated objections.

22. Records of any and all presentations made to the management team since 2015 pertaining to the issue of Diversity and Inclusion in the management of Defendant, including any proposed mission statements on Diversity and Inclusion, any statistical information or other reports on the potential or actual positive impacts of increasing Diversity and Inclusion, of reports on progress in improving Diversity and Inclusion and of reports on awards or recognition received.

SUPPLEMENTAL RESPONSE:

Defendant objects to Request No. 22 on the ground that the production of "any and all presentations" made to the unspecified management team since 2015 "pertaining to the issue of Diversity and Inclusion" in the management of Defendant including "any proposed mission statements on Diversity and Inclusion," "any statistical information or other reports on the potential or actual positive impacts for Defendant from increasing Diversity and Inclusion," "reports on any progress being made increasing diversity," or "reports on progress in improving Diversity and Inclusion" and of "reports on awards or recognitions received" is overly broad, unduly burdensome in proportion to the needs of this case, vague, is not reasonably limited in time or scope, and seeks irrelevant information. Defendant further objects to Request No. 22 as it is cumulative and duplicative of Request No. 20.

Defendant also objects to Request No. 22 to the extent that it seeks information subject to the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Defendant responds as follows: Presentations made to the executive council relating to Novant Health's diversity and inclusion efforts, including but not limited to, opportunities to increase representation in leadership roles from 2015 to the date of Plaintiff's termination are being produced as Novant-000925 to Novant-000933.

23. Records of any press releases or public statements or promotional materials issued by Defendant since 2015 regarding its commitment of diversity and inclusion or its recognition as a leader in health care or in business generally in promoting diversity and inclusion.

SUPPLEMENTAL RESPONSE:

Defendant objects to Request No. 23 on the ground that the production of records of "any press releases or public statements or promotional materials" issued by Defendant since 2015 regarding "its commitment of diversity and inclusion" or "its recognition as a leader in health care or in business generally in promoting diversity and inclusion" is overly broad, unduly burdensome in proportion to the needs of this case, is not reasonably limited in time or scope, equally available to Plaintiff, and seeks irrelevant information.

Subject to and without waiving these objections, Defendant responds as follows: Records of any press releases issued by Novant Health relating to its commitment to diversity and inclusion from 2015 to the date of Plaintiff's termination are being produced as Novant-001016 to Novant-001031.

24. Any and all records pertaining to the formation and operation of any diversity or cultural sensitivity training program for white male managers of Defendant, including any program

31

known as the white man's caucus or by some similar name. This request includes any records that show the names and positions of the persons who enrolled or participated in any such program(s), that show the programming provided, that show who provided or presented that programming to the group, and any records that show any complaints made by any participant(s) about comments by a presenter or presenters that were viewed as disparaging or negative towards the role of white males in the organization.

**SUPPLEMENTAL RESPONSE:**

**Defendant objects to Request No. 24 on the ground that the production of "any and all records" "pertaining to" the "formation and operation of any diversity or cultural sensitivity training program for while male managers of Defendant" over an unlimited time period, including detailed information such as "the names and positions of the persons who enrolled or participated in any such program," that show "the programming provided," "who provided or presented that programming to the group," and "any records that show any complaints made by any participant(s) about comments by a presenter or presenters that were viewed as disparaging or negative towards the role of white males in the organization" is overly broad, unduly burdensome in proportion to the needs of this case, is not reasonably limited in time or scope, and seeks irrelevant information. Defendant further objects to Request No. 24 it seeks to invade the privacy of individuals who are not parties to this lawsuit and to the extent that it seeks information subject to the attorney-client privilege and/or work product doctrine.**

**Subject to and without waiving these objections, Defendant responds as follows: Records relating to the White Men's Caucus or the Engaging White Men Business Resource**

Group during Plaintiff's employment are attached as Novant-000859 to Novant-000924 and Novant-000968 to Novant-001015.

25.     A copy of the resumes of the two persons identified in the Complaint as replacing Plaintiff and sharing or assuming his duties after his termination, one an internal promotion and the other an external hire.

**RESPONSE:**

**The resumes of Kati Everett, Tammy Jones, and Vicky Free are attached as Novant-000790 to Novant-000795.**

Dated this the 27th day of April, 2020.

Respectfully submitted,

_____
Benjamin R. Holland
N.C. Bar No. 28580
Elizabeth R. Gift
N.C. Bar No. 44331
S. Abigail Littrell
N.C. Bar No. 49354
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.405.3131
Fax: 704.342.4379
E-Mail: benjamin.holland@ogletree.com
elizabeth.gift@ogletree.com
abby.littrell@ogletree.com

## CERTIFICATE OF SERVICE

I, S. Abigail Littrell, hereby certify that I have this day served a copy of the foregoing

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** via E-mail, upon the following individual:

S. Luke Largess
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Facsimile: 704.338.1312
Email: llargess@tinfulton.com

Dated this the 27th day of April, 2020.


_____
S. Abigail Littrell
NC Bar No. 49354
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704.405.3131
Facsimile:  704.342.4379
Email:  abby.littrell@ogletree.com