IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DAVID DUVALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOVANT HEALTH, INC., ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 3:19-cv-00624-DSC |

**PLAINTIFF'S REPLY RE: ERISA CLAIM**

Plaintiff, through counsel, files this Reply to Defendant's Response [ECF 140] to Plaintiff's motion under Rule 58 for judgment on his claim under § 510 of ERISA or 29 U.S.C. § 1140, [ECF 132] and memo in support of the motion. [ECF 133].

Defendant has filed two briefs regarding Plaintiff's § 510 claim in which it admits 1) that it had a written severance policy in place in 2013 when Plaintiff was hired that contained a fifth year enhancement of severance pay for executives in Plaintiff's "tier," 2) that Plaintiff's handwritten note on his offer letter regarding the severance benefit was consistent with that 2013 severance plan, 3) that Novant changed its written severance policy in May 2015 to eliminate the five-year enhancement without giving any notice to Plaintiff or anyone else offered that benefit, and 5) Plaintiff was fired just days shy of his fifth work anniversary.

Defendant has yet to provide, at trial and in two briefs on the ERISA claim, a legitimate explanation for the timing of Plaintiff's termination. Instead, Defendant argues in its Response -- incorrectly -- that Plaintiff cannot prove the elements of a *prima facie* case under the *McDonnell Douglas* rubric, misstating the applicable law. And, Defendant marshals the defenses it could have raised against a claim that Plaintiff may have brought for the enhanced benefits, but that is *not* the § 510 termination claim in this case.

### A. Plaintiff Has Proved His Claim under *McDonnell Douglas*

Defendant insists that Plaintiff has not established a *prima facie* case needed to show specific intent. Defendant cites to *Blair v. Young Phillips Corp.,* 235 F. Supp. 2d 465, 473 (M.D.N.C. 2002) and *Holtz v. Jefferson Smurfit Corp.,* 408 F. Supp. 2d 193, 208 (M.D.N.C. 2006), aff'd, 242 F. App'x 75 (4th Cir. 2007) to set out the three-part test. Though Defendant avoids direct mention of its previous erroneous argument that the discredited "pretext plus" standard applies to proof of Plaintiff's claim under *McDonnell Douglas*,[1] it claims Plaintiff cannot satisfy any of the three elements.

### 1. Member of the Protected Class

Defendant first argues that Plaintiff is not a member of the class protected by ERISA because the 2013 plan had been amended, though without notice to him. It cites to its prior brief at ECF 129, parts A.1 and A.2. for legal support, but only A.1

---

[1] See [ECF 129, pp. 4-5] with reference to *Vaughan v. Metrahealth Cos.,* 145 F.3d 197, 202 (4th Cir. 1998)

addressed the first element of the three-part test, see ECF 129, pp. 6-8, and it did not contain any case law supporting this argument. Indeed, part A of the first brief was also premised wrongly on the argument that ERISA only applied to claims for benefits earned but not paid. *Id.,* p. 5, citing *Brewer v. Dana Corp. Spicer Heavy Axle Div.,* 205 F. Supp. 2d 511, 518 (W.D.N.C. 20020). That was clearly erroneous.

> We have no reason to constrict this "broad remedial" provision to only vested rights when the Act clearly contemplates suits to protect *any* rights implicated by employer action.

*Conkwright v. Westinghouse Elec. Corp.* 237 F.2d 231, 237 (4th Cir. 1991). Indeed, one of the cases it relies upon here, *Holtz,* cites approvingly to *Conkwright* to pursue benefits not yet vested. This case falls under that "broad remedial" provision.

### 2. Meeting Performance Expectations

Defendant then declares in one line that Plaintiff was not meeting performance expectations. ECF 140, p. 4. The jury found otherwise in reaching its verdict on the first two Issues. Defendant argues without citation that the jury's rejection of Defendant's reasons for termination only applies to the race and gender claims. That makes no sense. The second prong of the *prima facie* case of the *McDonnell Douglas* test is identical for Title VII and ERISA claims. "The factfinder's disbelief of the reasons put forward by the defendant(.)" *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). That is the fulcrum of the *McDonnell Douglas* proof scheme.

Even if this Court were to reconsider the evidence the jury rejected regarding Defendant's reasons for terminating Plaintiff, Defendant has offered only that *one line* in response to Plaintiff's brief in support of his ERISA claim. Plaintiff's brief went through the trial evidence about the purported reasons for his termination in briefing his ERISA claim, ECF 133, pp. 4-7, and in response to Defendant "severance claims" memo, ECF 143, pp. 3-7 (critiquing the evidence at trial justifying the termination). Defendant's Response makes no effort refute that description of the record. This Court cannot accept a one-line response to that recounted evidence as a basis for accepting Defendant's reasons for termination. Every reason offered at trial was hollow.

In contrast, in *Holtz,* the employer prevailed at summary judgment because there was a clear record of performance concerns about that plant manager-plaintiff, including the declining productivity over several years of the plant he managed and his failure to remedy specific problems. He was offered and accepted a lower status position and then declined to move when his new job was relocated to another state. The court found that Holtz could not show he was meeting performance expectations and denied his § 510 claim. 408 F. Supp. 2d 208. The contrast of that record with this trial's evidence in this case speaks volumes.

### 3. Circumstances Give Rise to an Inference of § 510 Discrimination

Defendant then argues that there is no evidence to satisfy the third element – that the termination occurred under circumstances that create an inference of discrimination. It is settled law that the falsity of the employer's stated reasons for firing the employee, especially when tinged in mendacity, along with the evidence supporting the prima facie case, permits an inference of discrimination. *St. Mary's Honor Ctr.*, 509 U.S. at 511.

Here the falsity of Defendant's reasons for dismissal was established at trial. So, Defendant now cannot point to *any* legitimate, non-discriminatory reason for the timing of the sudden approval by the CEO of two new Senior VP positions and Duvall's abrupt termination just days before this fifth anniversary. Defendant relies on Cureton's denial – though a member of the executive team that reviewed all dimensions of executive compensation, and though he was the person who hired Plaintiff the *same year Cureton started* at Novant– that he did not know about the changes to the severance plan, made with any notice to the effected employees, or that Plaintiff fifth anniversary was approaching. But that denial is doubly suspect. It comes from a person the jury did not find credible, and it stands entirely by itself – wholly unsupported by *any* legitimate explanation or justification for the timing and suddenness of the termination.

5

With temerity, Defendant compares this case to *Zeckoski v. Elsevier, Inc.,* No. 3:19-CV-349-GCM-DCK, 2021 WL 5356494, at *9 (W.D.N.C. Sept. 29, 2021), *report and recommendation adopted,* No. 3:19CV349-GCM-DCK, 2021 WL 5355928 (W.D.N.C. Nov. 16, 2021) where the plaintiff resigned in lieu of being fired for cause over inappropriate, offensive comments to female colleagues. He sued for severance but, under the plan's language, was not eligible for it either way -- whether he resigned or was fired for cause. The court rejected his § 510 claim that he was misled into resigning because there was no difference in severance if fired for cause; and, he could not "rebut Defendants' legitimate reason for giving Plaintiff the option of either resigning or terminating his employment for cause" – the "highly inappropriate statements". *Id.* at *12.

That comparison between the undisputed misconduct in that case and the lack of *any* legitimate reason for termination here is incomprehensible. *Zeckoski* does not help Defendant's § 510 argument.

### B. The Defenses to the Potential Claim for Severance are Irrelevant

Defendant then devotes the remainder of its Response to the defenses it would have to a claim for benefits if Plaintiff had made one. ECF 140, pp. 6-12. It argues that Plaintiff was not "perpetually" entitled to severance under the 2013 plan; and that Novant was entitled to amend its plan. From this it

argues that the anniversary date was immaterial to his termination. Whatever defenses Novant would have had to Plaintiff bringing a denial of benefits claim, he has not brought one here. Instead, the § 510 issue is whether Plaintiff was fired before the fifth anniversary to keep him from making a claim for the enhanced benefits. Whether he would have succeeded is not relevant. But he clearly had a basis for a claim after the fifth-year anniversary – the lack of notice.

Defendant still has not addressed its failure to meet its statutory duty under 29 U.S.C.A. § 1024(b)(1) to disclose the May 2015 change in the severance plan to the plan participants like Plaintiff. See ECF 143, p. 9. Defendant's Response does not mention the statute or the cases cited by Plaintiff holding that the statutory duty to disclose changes to ERISA plans applies to severance plans. In every case cited in its Response, the plaintiff had written notice of the terms of the benefit at issue and any changes to them. Here, Defendant kept it hidden, in violation of 29 U.S.C.A. § 1024(b)(1).

Nor has Defendant contested or addressed the case law holding that an employee can sue for reformation of undisclosed changes in a current plan to the previously offered benefit. *Aiken v. Policy Mgmt. Sys. Corp.*, 13 F.3d 138 (4th Cir. 1993). Or, that the failure to disclose changes can constitute a breach of fiduciary duty under ERISA and justify reformation to the prior benefit. *Rodriguez v. MEBA Pension Tr.*, 872 F.2d 69 (4th Cir. 1989). Novant is the plan administrator here.

Whether Plaintiff would have succeeded on such claims is a different question than whether he could have made them after five years of employment. Defendant's Response did not repeat it's revealing argument from its opening memo on severance claims, ECF 129, p. 4, that terminating Plaintiff before he reached the fifth-year anniversary was its threshold defense to keep him from claiming the five-year benefit.

> Plaintiff was terminated on July 30, 2018 and never actually reached five years of service. Even if the 2013 Policy had remained in effect, which it did not, Plaintiff would not have been entitled to the severance benefit as described in his Complaint. He never met the required service years under the obsolete 2013 Policy.

[ECF 129, p. 4 (internal citations omitted)]. That candid defense sets out the unlawful motive underlying Plaintiff's § 510 claim.

## CONCLUSION

The absence of any legitimate justification for the termination or explanation for its timing supports judgment for Plaintiff, and precludes judgment for Defendant. Plaintiff respectfully moves the Court to enter judgment for him on his claim under 29 U.S.C. § 1140.

Respectfully submitted, this 9th day of March, 2022.

**/s/ S. Luke Largess**
NC Bar No. 17486
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Fax: 704.338.1312
luke.largess@tinfulton.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **MOTION** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record:

Dated this the 9th day of March, 2022.

/s/S. Luke Largess
N.C. Bar No. 17486
*Attorney for Plaintiff*