IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DAVID DUVALL, <br><br> Plaintiff, <br><br> v. <br><br> NOVANT HEALTH, INC., <br><br> Defendant. | Civil Action No. 3:19-cv-624-DSC |

**REPLY IN SUPPORT OF DEFENDANT NOVANT HEALTH, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

COMES NOW Defendant Novant Health, Inc. ("Novant Health") and submits this Reply in support of its renewed request for judgment as a matter of law pursuant to Rule 50(b).

## I. INTRODUCTION

Plaintiff bases his Response to Rule 50(b) Motion ("Response") on the false premise that Novant Health is asking the Court to make witness credibility determinations in entering judgment as a matter of law in its favor. This is not so, as Novant Health's supporting memorandum demonstrates. Rather, Novant Health asks the Court to review the admissible evidence presented at trial – and not Plaintiff's counsel's unwarranted characterizations of that evidence. When the competent trial evidence is considered squarely, it leads to one conclusion: no reasonable jury could find that Plaintiff was the victim of race or sex discrimination. Therefore, Novant Health respectfully requests the entry of judgment in its favor.

## II. ARGUMENT

### A. Plaintiff's Response Does Not Address the Inadmissible Pattern Evidence Upon Which He Bases His Claim

In its opening memorandum, Novant Health thoroughly addressed the inadmissibility of Plaintiff's "pattern" evidence presented at trial. (Doc. 125, pp. 4-12). That evidence included both the dissimilar pattern evidence the Court ruled was inadmissible before trial (and that Plaintiff nonetheless introduced) and the pattern evidence concerning other termination decisions by Jesse Cureton. (*Id.*). Plaintiff's Response does not address the admissibility of this evidence and offers nothing to refute Novant Health's argument, which should be dispositive.

Plaintiff's pattern evidence is the basis for his belief that he was discriminated against, as he testified at trial. (Doc. 116, 198:10-199:12; Doc. 117, 7:14-19, 56:18-57:1, 62:8-11, 73:4-74:4). Indeed, Plaintiff's Response continues to rely upon the pattern evidence in arguing the jury's verdict was supported. (Doc. 145, pp. 14, 21). Because this evidence is inadmissible – and at a minimum cannot be considered by the Court in considering Novant Health's request for judgment as a matter of law (*see Weisgram v. Marley Co.*, 528 U.S. 440, 454 (2000)) – Plaintiff's discrimination claim is without evidentiary support.

This case is analogous to *Tinsley v. City of Charlotte*, 845 F. App'x 495 (4th Cir. 2021). In *Tinsley*, the Fourth Circuit overturned a Title VII jury verdict and reversed the denial of the defendant employer's renewed motion for judgment as a matter of law. The basis for this decision was the fact that the plaintiff's discrimination theory relied upon comparator evidence, but the comparator was invalid. Without the central and invalid comparator, the Court concluded that the verdict lacked a legally sufficient basis, and held that "the district court erred in failing to grant the [employer's] motions for judgment as a matter of law." *Id.* at 506. Similarly, Novant Health requests judgment in its favor because Plaintiff's discrimination case is premised upon

inadmissible pattern evidence and, without this evidence, there is not a legally sufficient basis for judgment in his favor.

> **B.      Plaintiff's Response Highlights the Central and Inadmissible Nature of the D&I Evidence**

Implicitly acknowledging that the pattern evidence cannot support the verdict, Plaintiff's Response claims that evidence as to Novant Health's diversity and inclusion ("D&I") efforts allowed for judgment. (Doc. 145, pp. 3-9). However, the Response ignores both (1) Plaintiff's admission at trial that Novant Health's D&I program was "properly implemented" during his employment and (2) the objective evidence that there was virtually no change in the percentage of white men at his level (SVP) from 2015 to 2019 – the very period of the alleged "diversity push." (Doc. 117, 84:16-21; Def. Trial Ex. 17). No reasonable jury could find intentional discrimination based on Novant Health's D&I efforts that Plaintiff admitted were lawful and that objectively did not result in a displacement of white men.

Plaintiff's characterization of the D&I evidence in his Response does not overcome its failure to support Plaintiff's claim of intentional discrimination. Indeed, Plaintiff does not even discuss the evidence; rather Plaintiff provides only a selective and misleading narration. Perhaps the best example of a misleading insinuation is Plaintiff's repeated contention that there were financial incentives for Novant Health executives based on claimed diversity results. (Doc. 145, pp. 18-19). But Plaintiff never mentions what these alleged D&I-based incentives relate to.

The uncontested evidence at trial showed that there has never been any bonus awarded for decreasing white men in the workforce or for hiring female or African American employees, which is the entire premise of Plaintiff's claim. (Doc. 115, 31:25-32:21). As set forth in Novant Health's Reply in Support of its Motion for Sanctions, both the annual incentive goal for 2018 (the year of Plaintiff's termination) and the long-term incentive goals over the period (2017-2019) were based,

in part, on the results of survey questions related to *inclusion* – not diversity. (Pl. Trial Exs. 6, 84; Doc. 115, 76:23-78:12). While this shell game may have confused the jury, the Court has a duty to consider the actual evidence presented (as opposed to Plaintiff's description of it) and determine whether it supports a finding of intentional discrimination – and it does not.[1]

Further, even if Plaintiff could show the D&I evidence, removed from his editorializing, was probative of discrimination, there is no tie between this evidence and Plaintiff's termination. Plaintiff's Response does not deny that such a link is required. Instead, Plaintiff purports to tie the D&I evidence back to his own termination through the deposition testimony of Shane Grady. (Doc. 145, pp. 9-10). Grady is a recruiter who spoke to Cureton about Plaintiff at Plaintiff's request. Grady's notes reflect that when asked "why change now," Cureton stated that there has been "[l]ots of change in last 12 months, re: executive leaders and others, desire to bring in new leaders, … It was a desire for a different point of view, different 'flare.'" (Pl. Trial Ex. 80, 20:9-20).

Plaintiff claims that Cureton's reference to leaders with a "different point of view" or "flare" is a proxy for firing white men for diversity purposes. But no evidence supports the suggestion that "point of view" or "flare" reasonably meant an expressed desire to fire white men and hire women or minorities (and that Cureton would tell a third party recruiter that). This tenuous and unsupported inference undergirds Plaintiff's entire D&I case, and it does not permit judgment in his favor. *See Sakaria v. Trans World Airlines*, 8 F.3d 164, 172–73 (4th Cir. 1993) ("In a long line of decisions in this circuit, we have emphasized that proof of causation must be such as to

---

[1] Plaintiff also cites the 2017 Diversity, Inc. application, in which Novant Health answered "Y" to "CEO signs-off on executive compensation tied to diversity (Y/N)" and answered "15" to the question of "Percent of CEO direct reports whose bonuses tied to diversity results." But Plaintiff ignores entirely Tanya Blackmon's testimony that these responses referred to the inclusion questions referenced above, not to diversity. (Doc. 114, 114:23-115:5; Doc. 115, 68:7-69:23). This is the only evidence at trial as to what these responses meant, and Plaintiff is bound by it.

suggest 'probability' rather than mere 'possibility,' precisely to guard against raw speculation by the fact-finder."); *Ford Motor Co. v. McDavid*, 259 F.2d 261, 266 (4th Cir. 1958) ("Permissible inferences must still be within the range of reasonable probability, however, and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture.").

### C. The Remaining Record Cannot Support a Verdict

Apart from the D&I evidence, Plaintiff's remaining contention is that the reasons provided by Novant Health for his termination were false. Plaintiff rests this argument on his testimony about his perception of events predating his termination. To establish pretext, however, Plaintiff must show not that Novant Health's stated reasons for terminating Plaintiff were wrong, but that they were not based on Cureton's honest belief or perception. "'In assessing pretext, a court's focus must be on the perception of the decisionmaker, that is, whether the employer believed its stated reason to be credible.'" *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 217 (4th Cir. 2007) (quoting *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 246 (1st Cir. 2006)). Plaintiff's self-serving justifications thus cannot establish pretext.

For example, Plaintiff does not dispute that he "froze" during a 2016 speech. Instead, he simply offers explanations for what happened and why it does not matter in his mind (i.e., he was ill and no one counseled him about it in writing).[2] As another example, Plaintiff does not dispute that he missed the patient experience meeting in question, which was the final straw in Cureton's

---

[2] Plaintiff, therefore, concludes that it was unfair to fire him on this basis. But there was no trial testimony that he was fired for this reason alone, as opposed to how he proceeded after this event, the "how" as Cureton described it. Plaintiff admitted that this is exactly what Cureton told him after the speech: "It's how we move forward from here." (Doc. 116, 165:2-5).

5

mind. Rather, Plaintiff explains that he was at a family reunion and describes other efforts he took.[3] Such evidence does not establish pretext. "Once an employer has provided a non-discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual … by raising points that are wholly irrelevant to it." *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006).

The only item Plaintiff appears to challenge as false – rather than explaining away – is the concern over his engagement with peers and above. Plaintiff bases this assertion on his own perception of his engagement, which is irrelevant as a matter of law. *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000). He also bases it on his final performance review, which said he should "[c]ontinue to provide strategic leadership and stay engaged." (Pl. Trial Ex. 55). Plaintiff contends that this comment was not actually performance feedback regarding his engagement, but rather an acknowledgement that he was engaged, and he notes that the words "continue to" were not included in a discovery response. (Doc. 145, p. 13). This contention is easily dispelled. The comment in question was provided to Plaintiff under a Section called "<u>Opportunities for Growth and Improvement</u>." Plaintiff's contention that engagement was not actually a concern of Cureton and instead something Novant Health manufactured in discovery is objectively false. Plaintiff has not shown that Cureton did not honestly perceive that Plaintiff had the opportunity for improvement in his engagement with peers and above, an essential showing for him to prevail on this issue.[4] *Holland,* 487 F.3d at 217.

---

[3] Plaintiff argues that Cureton and Everett recall the meeting slightly differently, but both agreed on the material issue, which Plaintiff also did not dispute: Plaintiff did not attend the meeting.

[4] Plaintiff's repeated reference to engagement scores provided to him by subordinates – which he claims were higher than engagement scores Cureton received from his own subordinates – is irrelevant as to Cureton's perception of Plaintiff's engagement *with his peers and above*.

Not only has Plaintiff failed to overcome the perception of the decision maker (who also hired Plaintiff just five years earlier), but he made repeated admissions at trial that belie such a contention. These include the admissions that Plaintiff had a good relationship with Cureton, that there was no animus between them, that Plaintiff never felt discriminated against while employed at Novant Health, that Plaintiff did not think Cureton was firing him out of any personal animus at the time of termination, that Plaintiff testified at his deposition in June 2020 that he did not believe any individual at Novant Health discriminated against him, and that Plaintiff did not believe Cureton treated him prejudicially, at least as of the time of his termination. (Doc. 116, 198:10-15; Doc. 117, 55:5-56:3, 61:7-24, 66:18-25). With Plaintiff's repeated admissions as to a lack of animus or prejudice by the decision maker, no reasonable jury could find intentional discrimination. Novant Health therefore requests judgment as a matter of law.

Dated this 9th day of March, 2022.

s/ Benjamin R. Holland
Benjamin R. Holland
N.C. Bar No. 28580
ben.holland@ogletree.com
Margaret Santen
N.C. Bar No. 52947
maggie.santen@ogletree.com
Elizabeth R. Gift
N.C. Bar No. 44331
elizabeth.gift@ogletree.com
S. Abigail Littrell
N.C. Bar No. 49354
abby.littrell@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, North Carolina 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379

*and*

Charles E. Johnson
N.C. Bar No. 9890
cejohnson@robinsonbradshaw.com
Stephen M. Cox
N.C. Bar No. 23057
scox@robinsonbradshaw.com
Angelique R. Vincent-Hamacher
N.C. Bar No. 29547
avincent@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704.377.2536
Facsimile: 704.373.3996

***Attorneys for Defendant Novant Health, Inc.***

# CERTIFICATE OF SERVICE

I, Benjamin R. Holland, hereby certify that I have this day electronically filed the foregoing **DEFENDANT NOVANT HEALTH, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person:

S. Luke Largess
*Attorney for Plaintiff*
Tin, Fulton, Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: 704.338.1220
Facsimile: 704.338.1312
Email: llargess@tinfulton.com

Dated this the 9th day of March, 2022.

        s/ Benjamin R. Holland
        Benjamin R. Holland, NC #28580
        *Attorney for Defendant*
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        201 South College Street, Suite 2300
        Charlotte, NC 28244
        Telephone: 704-342-2588
        Facsimile: 704-342-4379
        Email: ben.holland@ogletree.com