# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00624-DSC

| | |
|---|---|
| DAVID L. DUVALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NOVANT HEALTH INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Alter or Amend the Judgment" (Doc. 166), "Plaintiff's Motion for an Award of Attorney's Fees and Costs" (Doc. 168) and the parties' associated briefs. Docs. 167, 169-170, 172-174.

The Court has carefully reviewed the parties' arguments, authorities and the record and concludes that Plaintiff's Motion to Amend the Judgment should be granted in part and denied in part and Plaintiff's Motion for an Award of Attorney's Fees and Costs should be granted as discussed below.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

A detailed factual background of this case can be found in the Court's August 11, 2022 Order. Doc. 164.  As part of that Order, the Court awarded Plaintiff backpay in the amount of $2,341,884, pre-judgment interest at a rate of eight percent and front pay in the amount of $1,078,066.  The Court attached the chart of lost wages and benefits that Plaintiff submitted at

trial. The chart had been updated through June 1, 2022. It calculated pre-judgment interest as $293,401 through June 1, 2022.

## II. DISCUSSION

### A. Plaintiff's Motion to Alter or Amend the Judgment

Plaintiff moves under Rule 59(e) to alter or amend the Judgment and incorporated Order in three respects. First, Plaintiff asks the Court to recalculate the backpay award through the date of the Judgment on August 12, 2022. Plaintiff submits a revised chart with calculations through August 12, 2022. Second, Plaintiff moves the Court to recalculate the amount of pre-judgment interest through August 12, 2022 and amend the Judgment to set out the exact amount. Third, as to the lump sum award of backpay and front pay, Plaintiff asks the Court to consider a tax impact adjustment.

The Fourth Circuit has recognized that a final judgment may be amended pursuant to Rule 59(e) in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). See, also, Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 241 n.8 (4th Cir. 2008); McKinney v. Cleveland Cnty. Bd. of Educ., No. 3:20-CV-221-MOC-DSC, 2022 WL 1697395, at *1 (W.D.N.C. May 26, 2022).

For the reasons stated in Plaintiff's brief, the Court will recalculate the backpay award and pre-judgment interest through August 12, 2022. For the reasons stated in Defendant's brief, the Court will not allow for a tax impact adjustment. The recalculation of backpay through August 12, 2022 results in an award of $2,457,527. Pre-judgment interest through August 12, 2022 results in an award of $332,793 for a total backpay award of $2,790,320. Plaintiff's front pay award of

$1,078,066 will remain the same. Therefore, the total award of backpay with pre-judgment interest through August 12, 2022 plus front pay comes to a total award of $3,868,386.

B.      **Plaintiff's Motion for Attorney's Fees and Costs**

Plaintiff asks the Court for an award of costs, including a reasonable attorney's fee, as the prevailing party in this action. Defendant asks the Court to stay the resolution of this Motion until after any appeal, or to dismiss it without prejudice, arguing that to do so will promote judicial economy. The Court disagrees and will rule on the Motion.

In § 706(k) of Title VII of the Civil Rights Act of 1964, now codified as 42 U.S.C. § 2000E-5(k), Congress authorized courts to award a "prevailing party" a reasonable attorney's fee as part of the costs.

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs.

42 U.S.C.A. § 2000e-5(k). The Supreme Court has held, "It can thus be taken as established… that under § 706(k) of Title VII a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n, 434 U.S. 412, 417 (1978).

The Supreme Court and the Fourth Circuit have instructed trial courts to follow the "lodestar method" when considering an award of attorney's fees:

> To determine the appropriate amount, a district court should first identify the number of hours reasonably expended on the litigation and multiply that number by a reasonable rate… The court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones…Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff…

Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002); see also, Perdue v. Kenny, 559 U.S. 542, 552 (2010) (confirming the "lodestar" method as the preferred method for calculating an award under federal fee-shifting statutes).

Defendant argues that the Court should reduce the award for hours spent on the unsuccessful ERISA claim. The Court disagrees. In Hensley v. Eckerhart, 461 U.S. 424 (1983), the Supreme Court established the standard for assessing an award of attorney's fees where a plaintiff prevails on some but not all claims.

> In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

Hensley, 461 U.S. at 434. The answer to that first question turns on whether the claims are related legally or turn on a "common core of facts." If so:

> Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

Id. at 435.

In Eschert v. City of Charlotte, No. 3:16-cv-295-FDW-DCK, 2017 WL 3840275 (W.D.N.C. September 1, 2017), the plaintiff prevailed on only four of eight claims, but the court did not reduce the fee, addressing the first question in Hensley.

> Although the hours submitted by Plaintiff's counsel relate to both successful and unsuccessful claims against Defendant, all claims in this case were based on the same intertwined nucleus of operative facts—that is, Plaintiff's termination from Defendant. While Plaintiff presented several legal theories for her termination, it is reasonable that most of the attorneys' time was directed at all claims, as opposed to on a claim-by-claim basis. Because the hours submitted related to the issues on which Plaintiff prevailed and issues that are inextricably intertwined, all of the work of Plaintiff's attorneys related to the litigation as a whole, and apportionment of fees is unnecessary.

Eschert, 2017 WL 3840275, at *4. Similarly, the Court finds that Plaintiff's ERISA claim was based on a common core of facts regarding his employment with Defendant and the circumstances of his termination. Therefore, the Court will not reduce the requested fee award.

For the reasons stated in Plaintiff's brief and noting that Defendant does not challenge the number of hours expended or the reasonableness of the hourly rate, the Court finds that Plaintiff's request for attorney's fees in the amount of $399,105 based upon 886.9 hours expended at a rate of $450 per hour is a reasonable number of hours expended at a reasonable hourly rate.

Plaintiff seeks additional costs in the amount of $15,482.11. For the reasons stated in Plaintiff's brief and noting that Defendant does not challenge any of these costs, the Court will allow these costs in the amount of $15,482.11.

**THEREFORE, IT IS ORDERED** that:

1. "Plaintiff's Motion to Alter or Amend the Judgment" (Doc. 166) is **GRANTED IN PART and DENIED IN PART**. Allowing for recalculation of backpay through August 12, 2022, Plaintiff is awarded $2,457,527 and pre-judgment interest of $332,793 for a total backpay award of $2,790,320. Plaintiff's front pay award of $1,078,066 will remain the same. The award of backpay with pre-judgment interest through August 12, 2022 plus front pay comes to a total award of $3,868,386. The Court ORDERS the Clerk to amend the Judgment to reflect these changes and to include the pre-judgment interest in the amount of $332,793.

2. "Plaintiff's Motion for an Award of Attorney's Fees and Costs" (Doc. 168) is **GRANTED**. The Court **ORDERS** that Plaintiff be awarded attorney's fees in the amount of $399,105 and other litigation costs in the amount of $15,482.11.

**SO ORDERED**.

Signed: October 19, 2022

*[signature]*

David S. Cayer
United States Magistrate Judge