# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00624-SCR

| | |
|---|---|
| **DAVID L. DUVALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| **NOVANT HEALTH, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on "Plaintiff's Motion for Additional Attorneys' Fees" (Doc. No. 188) and "Plaintiff's Motion to Supplement Fee Petition" (Doc. No. 195) as well as the parties' briefs and exhibits (Doc. Nos. 188-1, 189, 191, 192, 195-1, 195-2, 195-3, & 196).

In his Motion for Additional Attorneys' Fees (Doc. No. 188), Plaintiff moves the Court for an award of $152,865 in additional attorney's fees for the reasonable time expended on the appeal pursuant to 42 U.S.C. § 2000e-5(k) as the prevailing party following the Fourth Circuit's decision of March 12, 2024, that affirmed the jury verdict for Plaintiff and award of back pay, prejudgment interest and front pay, but reversed the award of punitive damages..[1]  See David L. Duvall v. Novant Health, Inc., (Doc. No 187); 95 F.4th 778, 795 (4th Cir. 2024).

In his separate Motion to Supplement Fee Petition (Doc. No. 195), Plaintiff also seeks an award of $13,500 in additional attorney's fees for the reasonable time expended preparing the first

---

[1] The Court previously awarded Plaintiff attorney's fees in the amount of $399,105 and other litigation costs in the amount of $15,482.11. (Doc. No. 175 at 5). Defendant did not appeal that determination and subsequently paid it along with the portions of the Judgment that the Fourth Circuit affirmed. "Second Amended Clerk's Judgment" (Doc. No. 202); "Satisfaction of Judgment" (Doc. No. 203) (all amounts paid, only remaining issue is appellate attorney's fees).

Motion (Doc. No. 188).  Defendant has not opposed the second Motion.  (Doc. No. 196) (stating Defendant will not file a response to Doc. No. 195).

There is little disagreement concerning the initial Motion as well.  Plaintiff seeks $152,865 in fees, or alternatively, proposes a six percent reduction to $143,693 in the event the Court finds that the punitive damages issue was not related to the other issues upon which Plaintiff prevailed. (Doc. No. 188-1 at 6).  Defendant does not contest the reasonableness of the time counsel spent on the appeal, the adequacy of the documentation of that time, or the hourly rate.  (Doc. No. 191). Defendant's sole argument is that the fee should be reduced by eight percent because the Fourth Circuit reversed the verdict as to punitive damages, that is, that the Court should at least reduce the award from $152,865 to $140,635.  (Doc. No. 191 at 2-3).  In short, in a case where Plaintiff recovered in excess of $3.8 million in damages plus attorney's fees and costs exceeding $400,000, (Doc. Nos. 202 & 203), the parties presently disagree over the difference totaling approximately $12,230 in attorney's fees.  (Doc. Nos. 188-1 & 191).

It is well-settled that 42 U.S.C. § 2000e–5(k) permits a court to award attorney's fees to the prevailing party in a Title VII suit.  <u>Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n</u>, 434 U.S. 412, 417 (1978); <u>Dennis v. Columbia Colleton Med. Ctr., Inc.</u>, 290 F.3d 639, 652 (4th Cir. 2002).  Defendant does not dispute here that Plaintiff is the "prevailing party."

> Where a "prevailing party" is authorized attorneys' fees, a court must undertake three analytical steps in calculating a reasonable fee award.  <u>See</u> <u>Robinson v. Equifax</u>, 560 F.3d 235, 243–44 (4th Cir. 2009).  First, a court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." <u>Id.</u> at 243 (citing <u>Grissom v. Mills Corp.</u>, 549 F.3d 313, 320 (4th Cir.2008)).  Second, after "determining the [reasonableness of the] figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." <u>Id.</u> at 244 (internal citation omitted).  Third, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." <u>Id.</u>

Worldwide Network Servs., LLC v. DynCorp Int'l, LLC, No. 1:07-CV-627(GBL), 2010 WL 2933001, at *3 (E.D. Va. July 23, 2010) ("The Court reduces the claimed amount by a total of $21,704.80 because [the] request includes time spent on the unsuccessful punitive damages claim."); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

In determining the reasonableness of both hours and rate, the Court is guided by twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Worldwide Network Servs., LLC, 2010 WL 2933001, at *4–5 (E.D. Va. July 23, 2010) (quoting Robinson, 560 F.3d at 243 (citing Barber v. Kimbrell's Inc., 577 F.2d 216, 226 (4th Cir.1978) (adopting factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974))).

The Court has considered all the factors, the circumstances of this litigation, the parties' briefs, and the declarations submitted. As noted above, the Court previously determined that an hourly rate of $450 was reasonable, a finding that Defendant did not and does not challenge. (Doc. No. 175). Plaintiff also submits declarations from three attorneys stating again that the $450 rate is reasonable for a person with the experience of Plaintiff's counsel in this legal market. (Doc. Nos. 189-3, 189-4, 189-5). An affidavit or declaration of a local attorney "familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community"

is sufficient to verify the prevailing market rate. Robinson, 560 F.3d at 245. The Court finds, as it previously did in this case, that a $450 hourly rate is reasonable for this legal market.

Other than disputing any recovery for work done on the unsuccessful punitive damages claim, Defendant also does not challenge that the total number of hours, 339.7, spent on the appeal is reasonable for the work that was done. Moreover, one of Plaintiff's affiants, attorney Kevin Murphy, avers that he received fees based on 570.2 hours on an appeal from a similar employment case in this Court. (Doc. Nos. 189-5, 189-6, 189-7); Driskell v. Summit Contracting Group, Inc., 3:16-cv-819-FDW-DCK, 325 F.Supp.3d 665 (W.D.N.C. 2018), aff'd in part, rev'd in part, 828 F. App'x 858 (4th Cir. 2020). The Court finds that both the hourly rate and number of hours is reasonable and adopts a lodestar amount of $152,865.

Next the Court considers whether to "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Worldwide Network Servs., LLC, 2010 WL 2933001, at *3 (citing Robinson, 560 F.3d at 244). The Court finds that hours spent on the unsuccessful punitive damages claim should be subtracted. Plaintiff concedes that 22.3 hours, or 6.5% of the total hours billed, were expended on the punitive damages claim on appeal. (Doc. No. 188-1 at 5). The Court's own review reveals three distinct time entries largely devoted to punitive damages issues, for a total of 26 hours spent on unsuccessful punitive damages issues. These entries include 11 hours on May 6, 2023, 11.3 hours on May 21, 2023, and 3.7 hours on May 25, 2023. (Doc. No. 189-1 at 7-8). Plaintiff's counsel acknowledges the billing records showed 11 hours on May 6, 2023, and an additional 11.3 hours spent on punitive damages, but did not specifically acknowledge the time entry of 3.7 hours on May 25, 2023: "[r]ewrite segment on punitive damages." (Doc. No 189 ¶ 19; Doc. No. 189-1 at 8). Accordingly, the Court reduces the award by 26 total hours, or approximately 7.65% of the total hours billed. The Court declines to further reduce this award as

to other time entries that involved the litigation as a whole. Hensley, 461 U.S. at 435 ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the house expended on a claim-by-claim basis . . . [and] the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.").

Finally, at the third step of the analysis, the Court declines to impose any additional reductions based on the degree of success obtained. Plaintiff succeeded on each of his claims with the exception of punitive damages. Time entries for the unsuccessful issue of punitive damages has been deducted above. Otherwise, Plaintiff achieved substantial success – both at trial and on appeal – and further reduction is unwarranted here. Worldwide Network Servs., LLC, 2010 WL 2933001, at *3 (citing Hensley, 461 U.S. at 435 (when "a plaintiff has obtained excellent results, . . . the fee award should not be reduced simply because the plaintiffs failed to prevail on every contention raised in the lawsuit.")).

**NOW FOR THOSE REASONS, IT IS HEREBY ORDERED that:**

1. "Plaintiff's Motion for Additional Attorneys' Fees" (Doc. No. 188) is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff is awarded $141,165.00 in attorney's fees incurred prosecuting the appeal of this matter.

2. "Plaintiff's [Unopposed] Motion to Supplement Fee Petition" (Doc. No. 195) is **GRANTED**. Plaintiff is awarded an additional $13,500 in attorney's fees incurred in the preparation of the first Motion. (Doc. No. 188).

3. The Clerk is directed to send copies of this Order to counsel for the parties.

Signed: October 8, 2024

**SO ORDERED**.

Susan C. Rodriguez
United States Magistrate Judge